

FILED
APR 03 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JONES DAY, <br><br> Defendant. | Case: 1:19-cv-00945   JURY DEMAND <br> Assigned To : Moss, Randolph D. <br> Assign. Date : 4/3/2019 <br> Description: Employ. Discrim. (H-DECK) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Four of the six plaintiffs in this action, ("Jane Does 1–4"), have moved to proceed under pseudonyms, Pls.' Mot. Proceed Under Pseudonyms ("Pls.' Mot.") at 1, in their instant action bringing claims against Jones Day for gender, pregnancy, and maternity discrimination and retaliation, Pls.' Mem. in Supp. of Mot. to Proceed Under Pseudonyms ("Pls.' Mem.) at 1. The plaintiffs have also moved to seal all records supporting their motion to proceed under pseudonyms, particularly Exhibit A to their motion. *See* Pls.' Mot. to Seal at 1; LCvR 5.1(h) ("Absent statutory authority, no case or document may be sealed without an order from the Court."). For the reasons set forth below, the Court will grant the plaintiffs' motions, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

### I.   BACKGROUND

Jane Does 1–4 were associates who have recently "been terminated or constructively discharged by Jones Day," allegedly as a result of gender discrimination. Pls.' Mem. at 2–3. The plaintiffs aver that they were "denied equal pay and subjected to other discriminatory

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge "shall . . . hear and determine . . . motions to file a pseudonymous complaint." LCvR 40.7(f).

1

comments, conduct, and policies at Jones Day because of their gender, pregnancy, and/or maternity." *Id.* at 3. Further, Jane Does 2 and 4 assert that they have already been retaliated against for speaking out about the discrimination they experienced. *Id.* at 2. Together with two named plaintiffs, Jane Does 1–4 , on behalf of themselves and all similarly situated female attorneys, Compl. at 1, bring federal claims under the Fair Labor Standards Act, *id.* ¶¶ 277–82, 315–24, Title VII of the Civil Rights Act of 1964, *id.* ¶¶ 283–306, 434–40, and the Family and Medical Leave Act, *id.* ¶¶ 307–14, and state claims under California law, *id.* ¶¶ 325–424, 441–46, 453–58, and District of Columbia law, *id.* ¶¶ 425–33, 447–52, 459–64.

## II.   LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The public's interest "in knowing the names of [ ] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs

"the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these

3

concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citations and quotation marks omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the

movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and [considering the] fairness to the defendant").

### III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the litigants' identity is *de minimis* compared to the significant privacy interests of the plaintiffs, who seek "temporar[y] shielding from public disclosure their names and personally-identifying information," Pls.' Mem. at 2, because their complaint "implicates sensitive information, including confidential health information and information pertaining to minor children," *id.*, and because of concerns that "Jones Day [will] publicly impugn their professional reputations to chill this litigation and irreparably harm their future career prospects," *id.*

As to the first and third *Chao* factors, the plaintiffs aver that to proceed in this litigation, they "will be required to disclose highly sensitive and personal information, including information related to medical and psychological symptoms," *id.* at 5, disclosure of which "would be embarrassing to [them] and potentially damaging to their reputations and careers as successful attorneys," *id.* In addition, Jane Doe 2 fears that "disclos[ing] information relating to her pregnancy and maternity leave" will, if her identity is public, necessarily disclose information "related to the identities of her minor children." *Id.*

Regarding the second *Chao* factor, the plaintiffs claim that "[i]dentification . . . exposes [them] to a serious risk of retaliatory physical or mental harm." *Id.* at 5 (clarifying

that the physical harm consists of "psychological distress and its physical symptoms"). Indeed, the plaintiffs allege that Jones Day has already penalized them by disparaging them to others outside the firm, *id.* at 6, and that their decision to file the instant action "only increases the risk that the Firm or others may retaliate or harass them further," *id.* In addition, since the plaintiffs are still establishing their legal careers, they assert that they are "particularly vulnerable" to retaliation that "may interfere with their client relationships and ruin their ability to progress in their careers, obtain future employment, and provide for their family members." *Id.*

As to the nonmoving parties' interests, the plaintiffs assert that Jones Day already knows their identities, *id.* at 7, and that Jones Day would not be prejudiced if the plaintiffs proceed pseudonymously because they only seek such treatment for "the limited, initial stage . . . as Plaintiffs plead their case, and Defendant presents its answer and defense," *id.* Under these circumstances, allowing the plaintiffs to proceed pseudonymously for a limited period, during which the United States District Judge to whom this case is assigned can reevaluate any prejudice to the defendant, will not compromise the defendant's ability to defend this action and poses little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. 2d at 99. Further, the plaintiffs have "offered reciprocal anonymity to [some] partners and associates mentioned in their allegations, who are not identified by name," Pls.' Mem. at 8.

In sum, the plaintiffs' significant interest in maintaining their anonymity at this early stage in the litigation is sufficient to overcome any general presumption in favor of open proceedings, particularly where publication of the plaintiffs' identities in connection with this action risks disclosing sensitive medical information and could put the plaintiffs at risk of further retaliatory harm or chill similar litigation. *See Horowitz v. Peace Corps*, 428 F.3d

271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed Under Pseudonyms and Motion to File Supporting Declaration Under Seal are **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonyms Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4 for the plaintiffs proceeding pseudonymously, and it is further

**ORDERED** that the plaintiffs' Motion to Proceed Under Pseudonyms, Motion to File Supporting Declaration Under Seal, and supporting exhibits, including the full names and addresses of the plaintiffs, shall remain under seal until further order of the Court; and it is further

**ORDERED** that the defendant is prohibited from publicly disclosing the plaintiffs' identities or any personal identifying information that could lead to the identification of the plaintiffs by nonparties.

**SO ORDERED.**

Date: April 3, 2019

_____
BERYL A. HOWELL
Chief Judge