# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NILAB RAHYAR TOLTON, *et al.*, | ) | |
| | ) | |
| | ) | Civ. No. 1:19-00945 (RDM) |
| *Plaintiffs*, | ) | |
| | ) | |
| *v.* | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN OPPOSITION TO** |
| | ) | **JANE DOE 4'S RENEWED MOTION** |
| JONES DAY, | ) | **TO PROCEED UNDER PSEUDONYM** |
| | ) | |
| *Defendant.* | ) | |

Mary Ellen Powers
Beth Heifetz
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

Terri L. Chase
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ....................................................................................................... 1

LEGAL STANDARD ................................................................................................... 3

ARGUMENT ............................................................................................................. 5

I.      JANE DOE 4 HAS NOT CARRIED HER BURDEN TO JUSTIFY USING
A PSEUDONYM ................................................................................................. 6

II.     STRONG PUBLIC AND PRIVATE INTERESTS FAVOR TRANSPARENCY IN
THIS CASE ...................................................................................................... 12

CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Campbell v. Chadbourne & Parke LLP*,
   No. 1:16-cv-6832 (S.D.N.Y.)..................................................................5

*Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*,
   No. C-12-1830, 2012 WL 3583023 (N.D. Cal. Aug. 20, 2012) ...........................12

*Doe v. Aetna Life Ins. Co.*,
   Civ. No. 14-14716, 2016 WL 7799638 (D. Mass. Apr. 20, 2016) ........................11

*Doe v. Bell Atl. Bus. Sys. Servs., Inc.*,
   162 F.R.D. 418 (D. Mass. 1995)...........................................................13

*Doe v. Cabrera*,
   307 F.R.D. 1 (D.D.C. 2014)...........................................................4, 10

*Doe v. Colgate Univ.*,
   No. 5:15-cv-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) .......................13

*Doe v. De Amigos, LLC*,
   No. 11-1755, 2012 WL 13047579 (D.D.C. Apr. 30, 2012)...............................13

*Doe v. Evans*,
   202 F.R.D. 173 (E.D. Pa. 2001)...........................................................13

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992) .........................................................3, 6

*Doe v. Hartford Life & Acc. Ins. Co.*,
   237 F.R.D. 545 (D.N.J. 2006)...........................................................12

*Doe v. Lynch*,
   No. 16-cv-253, 2016 WL 10844617 (D.D.C. Apr. 28, 2016)..............................6

*Doe v. Morrison & Foerster LLP*,
   No. 3:18-cv-2542 (N.D. Cal.) .........................................................5, 6

*Doe v. Proskauer Rose LLP*,
   No. 17-cv-00901 (D.D.C. May 17, 2017)...............................................5

*Doe v. Provident Life & Acc. Ins. Co.*,
   176 F.R.D. 464 (E.D. Pa. 1997)...........................................................12

*Doe v. Sessions*,
   No. 18-cv-0004, 2018 WL 4637014 (D.D.C. Sept. 27, 2018).............................4

*Doe v. Shakur*,
   164 F.R.D. 359 (S.D.N.Y. 1996) .......................................................7, 14

*Doe v. Solera Capital LLC*,
   No. 18-civ-1769, 2019 WL 1437520 (S.D.N.Y. Mar. 31, 2019)...........................11

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Doe v. Teti,*
No. 1:15-cv-1380, 2015 WL 6689862 (D.D.C. Oct. 19, 2015) ..........................................4, 12

*Doe v. Trustees of Dartmouth College,*
No. 18-cv-40, 2018 WL 2048385 (D.N.H. May 2, 2018) ..................................................7, 13

*Doe v. U.S. Dep't of State,*
No. 1:15-cv-01971, 2015 WL 9647660 (D.D.C. Nov. 3, 2015) ...............................................4

*Griesing v. Greenberg Traurig LLP,*
No. 1:12-cv-8734 (S.D.N.Y) .............................................................................................5

*Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,*
459 F.2d 303 (5th Cir. 1972) .............................................................................................7

*J.W. v. Dist. of Columbia,*
318 F.R.D. 196 (D.D.C. 2016)..........................................................................................11

*John Doe Co. No. 1 v. CFPB,*
195 F. Supp. 3d 9 (D.D.C. 2016) (Moss, J.) .............................................................3, 4, 8, 12

*Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,*
No. 8:19-cv-60 (C.D. Cal.) ...............................................................................................5

*Nat'l Ass'n of Waterfront Emp'rs v. Chao,*
587 F. Supp. 2d 90 (D.D.C. 2008) .................................................................................3, 4, 6

*Qualls v. Rumsfeld,*
228 F.R.D. 8 (D.D.C. 2005)........................................................................................3, 4, 6, 12

*Ribeiro v. Sedgwick LLP,*
No. 3:16-cv-4507 (N.D. Cal.) ............................................................................................5

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,*
599 F.2d 707 (5th Cir. 1979) ...................................................................................3, 5, 6, 13

*United States v. Microsoft Corp.,*
56 F.3d 1448 (D.C. Cir. 1995) ............................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 10 .......................................................................................... *passim*

L.R. 5.1 .......................................................................................................................3

## **INTRODUCTION**

After being ordered to present factual evidence justifying their request to proceed under pseudonyms, three of the four Jane Doe Plaintiffs abandoned the request and complied with Rule 10(a) in an Amended Complaint filed earlier this week.  Dkt. 27 ("Am. Compl.").  None of those plaintiffs was willing to submit a personal declaration supporting the statements made in April in their counsel's sworn affidavit.  The fourth Jane Doe, Doe 4, has filed a renewed motion and a personal declaration seeking leave to proceed pseudonymously for another three months, ███ ███████████████████████████████  *See* Dkt. 20 (motion); Dkt. 23 ("Doe 4 Decl."); Dkt. 24 ("Mem.").  But Doe 4's declaration lacks what this Court ordered the Jane Doe Plaintiffs to submit—credible, specific, detailed evidence proving that exceptional circumstances support continued pseudonymous treatment.

Like the Complaint, Doe 4's declaration is faulty and contains untrue and inflammatory accusations unsupported by evidence. ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████  That does not rise to the level of the exceptional circumstances that the law demands for a

deviation from the presumptive rule of public disclosure.

Insofar as Doe 4 worries that employers would blacklist her because of her status as a

plaintiff, that claim could be made by *any* employment discrimination plaintiff and has never

been held sufficient to justify anonymity.  After all, a defendant cannot shield *its* identity, even

though the risk of "blacklisting" runs both ways. ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████

███████████████████████████████████████

██████████████████████████████ Her motion should

be denied.  Given that this motion will not be fully briefed until July, however, Jones Day would

not object to an order denying Doe 4's motion and requiring Doe 4 to identify herself by August

1, 2019 ██████████████████████████

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure as well as the common law and constitutional right of public access to judicial proceedings, "parties to a lawsuit must typically openly identify themselves." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995); *see* Fed. R. Civ. P. 10(a); L.R. 5.1(c)(1). This rule "serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *see also John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 23 (D.D.C. 2016) (Moss, J.) (describing "substantial public interest in knowing the identity of the parties to litigation in federal court"). Moreover, "when courts require litigants to use real names, they encourage suits by the most zealous, passionate, and sincere litigants, those who are willing to place their personal and public stamp of approval upon their causes of action." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). And because defendants cannot avoid being publicly identified, which "may cause damage to their good names and reputation," requiring plaintiffs who are leveling "serious" accusations against them to mutually identify themselves is also "dictate[d]" by "[b]asic fairness." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

The rule is not absolute. Courts may grant a "rare dispensation" of anonymity, after taking into account the "risk of unfairness to the opposing party" and "presumption of openness in judicial proceedings." *Microsoft*, 56 F.3d at 1464. But "[p]seudonymous litigation has been permitted 'only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure'" of plaintiff's name. *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323; *accord Qualls*, 228 F.R.D. at 13.

Applying these standards, courts in this district have authorized pseudonymous litigation where an Iraqi national showed that identifying himself as having aided U.S. reconstruction in Iraq would "expose him and his family to life-threatening danger," *Doe v. U.S. Dep't of State*, No. 1:15-cv-01971, 2015 WL 9647660, at *1 (D.D.C. Nov. 3, 2015); where a woman who alleged a brutal rape introduced evidence from a "licensed clinical social worker" that disclosure of her identity was "very likely to result in psychological trauma," *Doe v. Cabrera*, 307 F.R.D. 1, 6-7 & n.10 (D.D.C. 2014); and where an FBI employee alleged that he had been discriminated against based on "mental illnesses" that he had "kept confidential for decades," *Doe v. Sessions*, No. 18-cv-0004, 2018 WL 4637014, at *1, 4 (D.D.C. Sept. 27, 2018).

At the same time, "requests to proceed anonymously have been denied where the plaintiff merely cites personal embarrassment as the basis of the need for confidentiality." *Nat'l Ass'n*, 587 F. Supp. 2d at 100. As one court explained, "bringing litigation can subject [a] plaintiff to scrutiny and criticism and can affect the way a plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory action by higher-ups do not permit a plaintiff to proceed under a pseudonym." *Qualls*, 228 F.R.D. at 12.

Whatever the ground for seeking anonymity, it is the plaintiff who "bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Id.* at 13. And that burden must be discharged through meaningful evidence, not merely speculative assertions "about what 'could' happen." *John Doe Co. No. 1*, 195 F. Supp. 3d at 22. Even if a pseudonym would impose no tangible prejudice on the defendant, it remains the plaintiff's burden to identify "substantial countervailing considerations" to overcome "the public interest in transparency." *Id.* at 13, 18; *see also Doe v. Teti*, No. 1:15-cv-1380, 2015 WL 6689862, at *4 (D.D.C. Oct. 19, 2015) (denying motion to use pseudonym, despite lack of unfairness to defendant).

**ARGUMENT**

There are many examples, both historical and recent, of female lawyers suing their law firms (or former law firms) alleging sex discrimination.  In none of them has a court permitted a plaintiff to use a pseudonym over defense objection.  In *Southern Methodist*, the court denied just such a request, rejecting the argument that disclosure would leave the plaintiffs "vulnerable to retaliation from their current employers," "prospective future employers," and the bar at large. 599 F.2d at 713.  In many other cases, the plaintiffs have voluntarily disclosed their identities.[1] In *Doe v. Morrison & Foerster LLP*, No. 3:18-cv-2542 (N.D. Cal.), the defendant did not oppose the pseudonyms, yet the court nevertheless made clear that their use was untenable, as the case was no "different ... than every other employment case."  Dkt. 12-5 at 4.  Jane Doe 4 cites the *ex parte* order in *Doe v. Proskauer Rose LLP*, No. 17-cv-00901 (D.D.C. May 17, 2017), but that order merely granted leave to proceed under a pseudonym pending further briefing after service and response to the complaint.  Before that could occur, the plaintiff chose to proceed under her real name after all.  *Doe v. Proskauer Rose LLP*, No. 17-cv-00901 (D.D.C. Apr. 30, 2018).

To the extent that Doe 4 invokes the generic risk of retaliation against "whistleblowers" by prospective employers, she is no differently situated from any of these other plaintiffs (or the countless others who file employment discrimination suits every day under their own names).

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████  Doe 4 emphasizes the supposed lack of prejudice to Jones Day but, apart from overstating the point, it is her burden to overcome the presumptive rule of public disclosure.  She has not done so.

---

[1] *E.g.*, *Griesing v. Greenberg Traurig LLP*, No. 1:12-cv-8734 (S.D.N.Y); *Ribeiro v. Sedgwick LLP*, No. 3:16-cv-4507 (N.D. Cal.); *Campbell v. Chadbourne & Parke LLP*, No. 1:16-cv-6832 (S.D.N.Y.); *Knepper v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C.*, No. 8:19-cv-60 (C.D. Cal.).

## I.   JANE DOE 4 HAS NOT CARRIED HER BURDEN TO JUSTIFY USING A PSEUDONYM.

Doe 4 no longer claims that pursuing this suit would require her "to disclose information of the utmost intimacy." *Frank*, 951 F.2d at 323. ████████████████████████████ ████████████████████████████████████████████████████ Her argument and evidence are not sufficient under the law to justify a deviation from Federal Rule 10(a).

### A.   ██████████████████████████████████████████████████
██████████████████████████████████████████████████████████
█████████████████████████████████████████

Stated at that level of generality, Doe 4's argument is no different from the argument that *Southern Methodist* rejected, *see* 599 F.2d at 713, and that the judge in *Morrison & Foerster* said was insufficient. As the latter judge exclaimed, the same is true "for every employment plaintiff that I have in front of me. Every single one. Every single one." Dkt. 12-5 at 5. Every plaintiff in an employment case would prefer to keep that status confidential from future employers, but courts routinely require those plaintiffs to identify themselves. While "bringing litigation ... can affect the way [a] plaintiff is viewed," a plaintiff needs more than "vague, unsubstantiated fears of retaliatory action" to proceed under a pseudonym. *Qualls*, 228 F.R.D. at 12.

The cases that Doe 4 cites do not support her argument. In *Doe v. Lynch*, No. 16-cv-253, 2016 WL 10844617 (D.D.C. Apr. 28, 2016), the plaintiffs' suit alleged that they had been falsely accused of money laundering and terrorism; disclosing their names would thus "result in the very reputational damage they seek to vindicate." *Id*. at *1. That is a well-established ground for use of a pseudonym. *Nat'l Ass'n*, 587 F. Supp. 2d at 99. This case does not present that rationale, as Doe 4 is the *accuser*, not the *target* of an accusation. Moreover, the *Lynch* order reflected only a threshold determination by the Chief Judge that the complaint should be filed and served, with adversarial briefing to follow. The burden on those plaintiffs was accordingly lower.

Doe 4 also cites *Doe v. Trustees of Dartmouth College*, No. 18-cv-40, 2018 WL 2048385 (D.N.H. May 2, 2018), but that too is easily distinguished.  There, the plaintiff sued a university to challenge his expulsion, which had been based on an allegation against him of sexual assault involving "sadomasochistic sex."  *Id.* at *1.  Both the plaintiff and his accuser sought anonymity, and the university did not oppose.  *See id.* at *1, *6.  This case involves no salacious accusations against Doe 4; she wants to be shielded, not from the reputational harm associated with the facts of the lawsuit, but from the alleged "reputational harm" *caused by filing a lawsuit*.  The law does not allow a plaintiff to proceed pseudonymously on that basis, because then *every* plaintiff—or, at least, every employment plaintiff—would be entitled to keep her identity a secret.

The analogy to "whistleblower" contexts (Mem. 7-8) is equally inapposite.  Doe 4 did not need to publicly identify herself in order to file a complaint with the EEOC or the D.C. Office of Human Rights and allow enforcement agencies to investigate and pursue the matter, as in the case she cites.  *See Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 304 (5th Cir. 1972) (recognizing "informer's privilege" in lawsuit filed by Secretary of Labor to enforce Fair Labor Standards Act).  She chose, however, to withdraw her D.C. administrative charge, not to await any determination by EEOC, and instead file a private class action lawsuit seeking $200 million in damages.  Am. Compl. ¶ 65.  That choice triggered the Federal Rules of Civil Procedure and the requirement that plaintiffs identify themselves.  *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (denying pseudonymity because "this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests," and because law enforcement remains free to "vindicate the public's interest in enforcement of our laws").  Again, if every self-proclaimed whistleblower could stay anonymous, the pseudonym exception would swallow the transparency rule, at least in the context of employment discrimination.

**B.** ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████



*Cf. Cabrera*, 307 F.R.D. at 6 (finding, in

---

[2]

rape case, that "disclosure of the plaintiff's true identity is very likely to result in psychological trauma"); *J.W. v. Dist. of Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016) (rejecting "conclusory statement that J.W. will suffer emotional harm if his connection to this case is disclosed," while granting pseudonym for other reasons); *Doe v. Solera Capital LLC*, No. 18-civ-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019) (denying pseudonym despite plaintiff's claim "that she suffers from PTSD and that the symptoms ... have grown worse at the prospect of proceeding" under real name, where plaintiff offered no "medical corroboration to support her claim"); *Doe v. Aetna Life Ins. Co.*, Civ. No. 14-14716, 2016 WL 7799638, at *3-*4 (D. Mass. Apr. 20, 2016) (finding, based on evidence from plaintiff's physician, clinical psychiatrist, and therapist, that "loss of the pseudonym will severely impact her physical and mental health").

███████████████████████████████████████████████

█████████   She cites cases involving mental illnesses, *e.g.*, *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) (bipolar); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 465 (E.D. Pa. 1997) ("a number of psychiatric disorders"), as well as "cognitive impairments," *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830, 2012 WL 3583023, at *3 (N.D. Cal. Aug. 20, 2012), that were relevant to the plaintiffs' claims and that the litigation would therefore expose absent a pseudonym. ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

## II.   STRONG PUBLIC AND PRIVATE INTERESTS FAVOR TRANSPARENCY IN THIS CASE.

Jane Doe 4 devotes more than half of the argument section of her brief to minimizing the interests on the other side of the equation.  But the general reasons for transparency—allowing the public to "assess the merits of the lawsuit and the quality of the courts," and encouraging only "the most zealous, passionate, and sincere litigants" to sue—are, standing alone, "legitimate reason[s] to require unsealing Doe plaintiffs' names," even if there are no unique considerations or prejudice on the other side.  *Qualls*, 228 F.R.D. at 13; *see also Teti*, 2015 WL 6689862, at *4 (denying pseudonym even though defendant faced no "unfairness").

Doe 4 responds that the public interest favors *secrecy*, because allowing pseudonyms will encourage other, similarly situated individuals to litigate.  (Mem. 14.)  That is another argument that *any* plaintiff could press in *any* case.  It does not make sense on its own terms, because there is no dispute that all plaintiffs have to identify themselves at some stage of the litigation.  And, most importantly, it is not the law.  Rather, as this Court has explained, "there is a substantial public interest in knowing the identity of the parties to litigation in federal court."  *John Doe Co.*

*No. 1*, 195 F. Supp. 3d at 23.  The cases Doe 4 cites do not say otherwise.  Rather, they involved allegations of *sexual assault*; courts recognize that allegations of that sort raise unique privacy and reputational considerations that call for special treatment.  *See Doe v. De Amigos, LLC*, No. 11-1755, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("[T]he sexual assault at issue in this case is a matter of a sensitive and highly personal nature ...."); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (allowing pseudonyms in case alleging "sexual assault" by trooper); *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (observing that courts have allowed plaintiffs suing colleges over "investigations of sexual assault" to do so anonymously); *Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *1 (same).

As for prejudice to Jones Day, it is true that the Court mitigated the prejudice by allowing the Firm to disclose the Jane Doe Plaintiffs' identities to the extent necessary to investigate their claims.  But, as Jones Day made clear at the last motion hearing, that is not a complete solution.  For one thing, there are material witnesses to Doe 4's allegations who do not realize that they hold relevant information because they do not know Doe 4's identity, and *whom Jones Day does not know to approach*.  The continued use of a pseudonym further delays Jones Day's access to these witnesses' testimony.  For another thing, the Court's approval of Jane Doe 4's continued use of a pseudonym would unfairly impugn Jones Day's reputation by implying that the Firm has or will improperly retaliate against her.  The Court should not make such a finding or allow such an implication without a genuine basis in evidence—which Doe 4 has not provided.

And, of course, there is also the fact that "the mere filing of a civil action" against private defendants can itself "cause damage to their good names and reputation."  *S. Methodist Univ.*, 599 F.2d at 713.  That is why it "would be fundamentally unfair to allow plaintiff to make such serious allegations ... without standing, as they must, in a public forum."  *Doe v. Bell Atl. Bus.*

*Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995); *see also Shakur*, 164 F.R.D. at 361 (where plaintiff "made serious charges and has put her credibility in issue," "[f]airness requires that she be prepared to stand behind her charges publicly"). A pseudonym may be warranted where a plaintiff can identify real evidence of substantial countervailing considerations, but for all of the reasons discussed in Part I above, Jane Doe 4 has not done so.

## CONCLUSION

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████   Jones Day would not oppose an order denying Jane Doe 4's motion to proceed pseudonymously and ordering Doe 4 to disclose her identity by August 1, 2019. Any additional delay beyond that would reward Plaintiffs for the gamesmanship surrounding their misuse of pseudonyms and would falsely impugn Jones Day's reputation.

June 27, 2019                    Respectfully submitted,


                                /s/ Mary Ellen Powers
                                Mary Ellen Powers (Bar No. 334045)
                                Beth Heifetz (Bar No. 417199)
                                JONES DAY
                                51 Louisiana Avenue NW
                                Washington, DC 20001
                                Phone: (202) 879-3939

14

Terri L. Chase (*pro hac vice* granted)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

*Attorneys for Defendant*