## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON et al., *Plaintiffs*, v. JONES DAY, *Defendant*. | Civil Action No. 19-945 (RDM) **DEFENDANT'S MOTION TO STRIKE THIRD AMENDED COMPLAINT** |

### INTRODUCTION

Plaintiffs exhausted their one opportunity to amend their Complaint as a matter of right when they filed their Amended Complaint on June 24, 2019. Under the Federal Rules, any further amendment to their pleading requires either leave of Court or consent from Jones Day. Plaintiffs had neither leave nor consent to file a Third Amended Complaint on August 16, 2019. As such, the Court should strike that pleading.

### FACTUAL BACKGROUND

**1.** Plaintiffs filed their original Complaint on April 3, 2019. (Dkt. 4.) They did not serve the Complaint, however, or seek waiver of service, until May 28, 2019. (Dkt. 16.) Based on that waiver date, Jones Day's Answer was due by July 27, 2019.

**2.** On May 30, 2019, the Court held a hearing on Jones Day's motion to require the anonymous Plaintiffs to identify themselves. Toward the end of that hearing, the parties discussed scheduling matters with the Court. Counsel for Jones Day noted that she had "been told [by Plaintiffs' counsel] that an amended complaint is forthcoming," and asked that "some deadline be provided," "to give some indication to us and the Court when it would be forthcoming so that we don't answer once, and then turn around and face a motion for leave to move to amend that will take unnecessary time." (Ex. A at 37:14-20, 38:7-13.)

The Court recognized that it "can't force the plaintiffs' hand on this," as they are "entitled as of right to file an amended complaint if they want to within 21 days of the time [Jones Day] answer[s]." (*Id.* at 43:15-18.) At the same time, the Court agreed that, "as a matter of efficiency, it would be nice to avoid the back and forth" of "having an answer to the complaint, and then either as of right within 21 days or after that by motion [Plaintiffs] then file an amended complaint." (*Id.* at 41:18, 43:19-20.) In that circumstance, "before we even reach an initial scheduling conference, you're going to be in the fall"—something "none of us want." (*Id.* at 40:23-41:8.)

Accordingly, the Court directed the parties to "meet and confer" and then "file a joint status report ... with respect to whether an amended complaint is anticipated, and if so, the parties' proposals with how to proceed." (*Id.* at 40:17-22.) The Court later issued a minute order to the same effect: "It is further ORDERED that the parties shall meet and confer and submit a joint status report, on or before June 19, 2019, proposing a schedule for filing an amended complaint, *if any*." (Minute Order of May 30, 2019 (emphasis added).)

3. Following the Court's instructions, the parties conferred to determine whether and when Plaintiffs would file their as-of-right Amended Complaint. On June 10, 2019, Jones Day inquired by email whether Plaintiffs "had a better sense of whether an Amended Complaint is on the near horizon." (Ex. B.) Plaintiffs responded the next day that they "anticipate amending the complaint *as of right* within the next month." (*Id.* (emphasis added).)

Later that day, as part of the same email exchange, Plaintiffs sent Jones Day a draft consent motion to be provided to the Court. That draft—as well as the final version provided to the Court the following day—stated that "Plaintiffs propose to file an Amended Complaint on or before June 24, 2019." (Dkt. 19.) The Court granted the consent motion by minute order.

2

4. Plaintiffs filed their Amended Complaint on June 24, 2019, just over a month before Jones Day's Answer deadline. (Dkt. 27.) In addition to identifying three of the previous Jane Doe Plaintiffs by name, the Amended Complaint added a new Plaintiff (Katrina Henderson) with new claims, and also included a host of new and expanded factual allegations. (*See* Dkt. 27, ¶¶ 35, 55, 69, 76, 95, 97-99, 103-104, 147, 151, 162-176, 184-188, 192-194, 207-208, 211, 222, 264-293, 317-318, 339, 481-493, 494-501, 559-564.)

5. Jones Day filed its Answer to the Amended Complaint on July 26, 2019. (Dkt. 36.) Jones Day also filed a motion for partial judgment on the pleadings. (Dkt. 37.) Plaintiffs sought additional time to respond to the Rule 12(c) motion; Jones Day consented to that extension and the Court approved it. (Dkt. 38.) Under the revised schedule, Plaintiffs' opposition to Jones Day's motion is due by August 22, 2019.

6. On August 7, 2019, the Court issued an opinion and order denying Jane Doe 4's motion to proceed under pseudonym. (Dkt. 39.) The Court accordingly directed Plaintiffs to file a Second Amended Complaint disclosing Jane Doe 4's identity by August 12, 2019.

Plaintiffs filed a Second Amended Complaint in the early hours of August 13, 2019. (Dkt. 40.) The Second Amended Complaint dropped Jane Doe 4 as a Plaintiff. However, the Second Amended Complaint also included additional substantive changes to the pleading, including new factual allegations unrelated to Jane Doe 4. (Dkt. 40, ¶¶ 6, 8, 16, 31-34, 35, 520.) The Court did not authorize, and Jones Day did not consent, to any amendment other than as to Jane Doe 4.

7. On August 16, 2019, four business days before the deadline for Plaintiffs to oppose Jones Day's Rule 12(c) motion, Plaintiffs filed a Third Amended Complaint. (Dkt. 41.) Plaintiffs did not seek Jones Day's consent for that filing, or provide any advance notice of it.

The next day, Jones Day wrote to Plaintiffs to request withdrawal of the Third Amended Complaint, on the grounds that it was unauthorized under the Federal Rules.  Plaintiffs responded that their two prior amendments to the pleading had been "by order of the Court" and thus did not count against their entitlement to amend once as of right.  (Ex. C.)  They also claimed that the new pleading had "rendered moot" Jones Day's Rule 12(c) motion.  (*Id.*)

Jones Day again requested the withdrawal of the new pleading, explaining that neither of the prior two amendments were made by court order: The first was clearly understood by all parties (and by the Court) to represent Plaintiffs' use of their one as-of-right amendment; indeed, the point of the meet-and-confer process that the Court ordered was to avoid a post-Answer amendment that would restart the clock and delay proceedings.  And the second amendment included substantive alterations beyond those the Court authorized, so it counted as Plaintiffs' Rule 15(a)(1) amendment even if the prior amendment had not.  (*Id.*)  Plaintiffs declined to withdraw the pleading.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(1), a "party may amend its pleading once as a matter of course" within specified time limits.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "Courts may strike amended pleadings that are improperly filed—that is, where the amendment required, but did not have, either consent or leave of the court."  *Harford Mut. Ins. Co. v. New Ledroit Park Bldg. Co., LLC*, 313 F. Supp. 3d 40, 45–46 (D.D.C. 2018).  The standards for granting leave under Rule 15(a)(2) apply "only when the plaintiff actually has moved for leave to amend." *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006); *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (affirming denial of leave to amend where the plaintiff "failed to comply with the law of this circuit by filing a motion for leave to amend").

## **ARGUMENT**

The validity of Plaintiffs' Third Amended Complaint turns on whether either of their two prior amendments constituted the one, as-of-right amendment that Rule 15(a)(1) confers. If so, Rule 15(a)(2) required Plaintiffs to obtain Jones Day's consent or the Court's permission before amending their pleading a third time. *See Harford*, 313 F. Supp. 3d at 48 (parties may not "fil[e] successive amended pleadings without leave"). Plaintiffs' Amended Complaint plainly exhausted their Rule 15(a)(1) entitlement; the whole purpose of the negotiations over its timing was to avoid the delay that accompanies a post-Answer amendment. And even if the Amended Complaint were characterized as "by order of the Court," Plaintiffs' Second Amended Complaint cannot be. While the Court directed an amended pleading, Plaintiffs exceeded the scope of that order by adding and altering substantive allegations unrelated to Doe 4's identity. The Court should therefore strike the unauthorized Third Amended Complaint and adjudicate the pending Rule 12(c) motion.

**A.**     Plaintiffs exercised their one-time opportunity under Rule 15(a)(1) to amend their Complaint "as a matter of course" when they filed their Amended Complaint on June 24, 2019. The background that led to the filing of the Amended Complaint makes this undeniable.

As set forth above, the parties and the Court discussed the possibility of an Amended Complaint at the hearing on May 30, 2019, just two days after Plaintiffs sought and obtained a waiver of service for their original Complaint. While Jones Day requested that the Court impose a deadline for filing of an Amended Complaint, the Court recognized that it could not "force the plaintiffs' hand" because Rule 15(a)(1) entitles them to amend "as of right" within specified time frames. (Ex. A at 43:15-18.) Yet the Court also acknowledged that, "as a matter of efficiency," it "would be nice to avoid the back and forth" that comes with a post-Answer amendment. (*Id.* at 43:18-20.) So, to avoid unnecessary delay, the Court directed the parties to confer about the timing

of Plaintiffs' potential Amended Complaint. (*Id.* at 40:16-22.) In light of the Court's recognition that Plaintiffs "under the rules have a right to amend" (*id.* at 45:8-9), it was clear that the subject of the parties' conference would be the timing of Plaintiffs' *as-of-right* amendment.

The parties' subsequent exchanges confirm that they shared this understanding. On June 11, Plaintiffs stated that they intended to amend their Complaint "as of right." (Ex. B.) The parties then reached agreement on a date for that as-of-right amendment—June 24, 2019—and advised the Court of that date in Plaintiffs' consent motion. (Dkt. 19.)

It is clear from this history that the June 24 Amended Complaint was Plaintiffs' one as-of-right amendment under Rule 15(a)(1). Plaintiffs have taken the position, however, that the June 24 amendment was "by order of the Court." (Ex. C.) That is incorrect. By ordering the parties to confer about the timing of a potential Amended Complaint, the Court was certainly not "ordering" Plaintiffs to amend their Complaint or granting them leave to do so. Indeed, the Court's minute order referred to the timing of an amended complaint, "if any." (Minute Order of May 30, 2019.)

Nor does it matter that the Court adopted Plaintiffs' consent proposal for the *filing date* of their as-of-right amendment. That did not transform their Rule 15(a)(1) amendment into a Rule 15(a)(2) amendment, as the latter "applies only when the plaintiff actually has moved for leave to amend the complaint." *Belizan*, 434 F.3d at 582. Plaintiffs never did so. Moreover, Local Rule 15.1 requires a "motion for leave to file an amended pleading" to "be accompanied by an original of the proposed pleading as amended." Plaintiffs' consent motion was not "accompanied by an original of the proposed [complaint] as amended" and so cannot be construed as a motion for leave to amend. Instead, the Court's minute order simply approved the parties' negotiated deadline by which Plaintiffs would file their one *as-of-right* Amended Complaint.

    **B.**    Even if Plaintiffs' Amended Complaint were not their one as-of-right amendment, Plaintiffs' Second Amended Complaint, filed on August 12, 2019, certainly exhausted their rights under Rule 15(a)(1).

    To be sure, the Court directed Plaintiffs to further amend their Complaint to "disclos[e] the identify of Jane Doe 4." (Minute Order, Aug. 7, 2019.) But the Second Amended Complaint did more than that. As reflected by the redline that Plaintiffs provided with that filing, their revised pleading not only dropped Jane Doe 4 as a Plaintiff, but also revised a series of factual allegations and added a new allegation about the purported "disparate impact" caused by Jones Day's alleged policy of "maintaining the secrecy of each associate's compensation." (Dkt. 40, ¶¶ 6, 8, 16, 31-34, 35, 520.) Insofar as Plaintiffs exceeded the scope of this Court's directive and amended their Complaint in ways unrelated to Jane Doe 4's identity or party status, that amendment constituted any unexhausted as-of-right entitlement. Indeed, because Plaintiffs had already used Rule 15(a)(1) once, Jones Day could have moved to strike the Second Amended Complaint, but declined to do so because the alterations did not bear on the pending 12(c) motion.

    **C.**    Of course, Plaintiffs remain free to move for leave to amend their pleading under Rule 15(a)(2). Under these circumstances, however, an amendment at this juncture would not be appropriate. As the Court is aware, Jones Day filed its motion for partial judgment on the pleadings on July 29, 2019. Plaintiffs requested an extension of their opposition deadline until August 22, 2019, and Jones Day consented on the understanding that such opposition would indeed be filed. (Dkt. 38.) That understanding was based on the fact that Plaintiffs had already exercised their as-of-right amendment, which (per the discussion with the Court) was designed to prevent any post-Answer delay. Plaintiffs' negotiated opposition deadline is now just two days away, and Plaintiffs have not moved for leave to amend; nor has Jones Day been given any opportunity to brief the

issue. Jones Day therefore requests that the Court adjudicate the pending Rule 12(c) motion based on the operative Amended Complaint (Dkt. 40), and consider thereafter any motion by Plaintiffs for leave to further amend in light of that adjudication.

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs Third Amended Complaint.

August 20, 2019                                               Respectfully submitted,

                                                                        */s/ Mary Ellen Powers*
Mary Ellen Powers (Bar No. 334045)
Beth Heifetz (Bar No. 417199)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

Terri L. Chase (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

*Attorneys for Defendant*