# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>JONES DAY, a General Partnership,<br><br>　　　　*Defendant*. | Civil Action No. 19-945 (RDM) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT**

## INTRODUCTION

On June 24, 2019, by agreement of the Parties and pursuant to an Order of this Court,[1] Plaintiffs filed their Amended Complaint (Dkt. 27). On July 26, 2019, Defendant timely filed its Answer to Plaintiffs' original Complaint (Dkt. 36). On August 8, 2019, this Court denied Plaintiff Jane Doe 4's Renewed Motion to Proceed Under Pseudonym (Dkt. 39) and ordered Plaintiffs to file a Second Amended Complaint[2] on or before August 12, 2019; Plaintiffs accordingly filed their Second Amended Complaint (Dkt. 40) in compliance with that Order. On August 16, 2019,

---

[1] Minute Order 6/12/2019: "In light of Plaintiffs' consent motion for modification of minute order, it is hereby ORDERED that the following schedule shall govern: Plaintiffs shall file an Amended Complaint on or before June 24, 2019, in which Jane Doe Plaintiffs who intend to proceed under their own names shall supplement their allegations accordingly . . . ."

[2] Minute Order 8/7/2019: "In light of the Court's opinion, Dkt. 39, Plaintiffs are hereby ORDERED to file a second amended complaint disclosing the identity of Jane Doe 4 on or before August 12, 2019."

twenty-one days after Defendant filed its Answer, Plaintiffs timely filed their Third Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1).[3]

Defendant's motion to strike the Third Amended Complaint is therefore without merit[4] and should be denied.[5]

## FACTUAL BACKGROUND

Defendant's recitation of the factual background leading up to the filing of Plaintiffs' Amended Complaint omits key facts regarding both the Amended and Second Amended Complaints. With respect to their first amendment, Plaintiffs—with consent of Defendant—specifically requested that this Court *order* them to file an Amended Complaint on or before June 24, 2019,[6] so as to avoid expending their amendment as of right on an obligatory amendment almost two months before their amendment as of right would be due. This Court did, in fact, so

---

[3] Defendant's Answer to Plaintiffs' Third Amended Complaint is presently due fourteen days after this Court issues a decision on Defendant's Motion to Strike (Dkt. 42), pursuant to this Court's Minute Order dated August 30, 2019, granting Defendant's Motion for Extension of Time (Dkt. 45). Contrary to Jones Day's representation to this Court, Plaintiffs did not oppose Defendant's request for an extension, but simply informed Defendant that they could not agree to the requested extension without discussing its impact on other pending deadlines. In lieu of the proposed discussion, Defendant communicated its intention to file the motion for extension.

[4] This Court has made clear that motions to strike "are not favored," especially in cases where, as here, the allegations in question are neither prejudicial nor immaterial to the case. *See Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 338 (D.D.C. 2016). Indeed, Defendant's Motion to Strike appears designed to squander the resources of Plaintiffs and this Court through unnecessary and time-consuming motions practice.

[5] While Plaintiffs believe that the Third Amended Complaint was properly filed pursuant to Rule 15(a)(1)(B), if this Court determines otherwise, Plaintiffs request that this Court in its discretion construe the August 16, 2019, filing of the Third Amended Complaint, along with the instant filing, as a request for leave to file the Third Amended Complaint. *See* Section 3, *infra*.

[6] Dkt. 19 at 3 ("WHEREFORE, Plaintiffs respectfully request that this Court ***Order*** the following: i. Plaintiffs ***shall file*** an Amended Complaint on or before June 24, 2019, in which Jane Doe Plaintiffs who intend to proceed under their own names shall supplement their allegations accordingly . . . .") (emphasis added)

order, in a Minute Order dated June 12, 2019.[7] As to the Second Amended Complaint, in lieu of entering the Proposed Order drafted by Jones Day (Dkt. 29-1) which would have ordered Plaintiffs to "file a Second Amended Complaint that identifies Jane Doe 4 using her real name ***but does not otherwise make any substantive changes to the pleading***" (emphasis added), this Court entered a Minute Order on August 7, 2019, ordering Plaintiffs simply "to file a second amended complaint disclosing the identity of Jane Doe 4 on or before August 12, 2019." In light of Jane Doe 4's decision not to proceed as a Named Plaintiff under her own name, Plaintiffs filed a Second Amended Complaint that sought to comply with this Court's order by excluding Doe 4's allegations and making a handful of additional edits. (Dkt. 40.)

As noted in undersigned counsel's email dated Sunday, August 18 (Dkt. 42-4) responding to Jones Day's letter dated Saturday, August 17 demanding immediate withdrawal of Plaintiffs' Third Amended Complaint upon threat of sanctions (a copy of which letter is attached hereto as Exhibit A), the Third Amended Complaint, filed on August 16, 2019, was filed pursuant to Fed. R. Civ. P. 15(a)(1) and is the operative complaint in this case. As noted in Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings (Dkt. 43, n. 1), Defendant's Motion is arguably mooted by the filing of Plaintiffs' Third Amended Complaint.[8] Nevertheless, in light of Defendant's unwillingness to agree upon an alternate briefing schedule (*see* Defendant's letter

---

[7] *See* n. 1, *supra*.

[8] *See, e.g.*, *Ramirez v. City. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Bertha v. Sullivan*, 719 F. App'x 516, 518 (7th Cir. 2017); *c.f. Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (holding that district court "ruled on a mooted complaint, not the operative one" since plaintiff had filed a timely amendment under Rule 15(a)(1)(B)).

dated August 19, 2019, attached hereto as Exhibit B), Plaintiffs responded in full to Defendant's motion as the best among procedurally imperfect options.

# ARGUMENT

**1. Plaintiffs' First Two Amended Complaints Were Properly Filed Under Fed. R. Civ. P. 15(a)(2)**

Fed. R. Civ. P. 15(a)(2) requires that an amendment be filed with "the opposing party's written consent" or by leave of the Court. These predicate requirements may take different forms. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006 (9th Cir. 2015) (consent found in stipulation between the parties as to when an amended complaint could be filed); *Fern v. U.S.*, 213 F.2d 647, 677 (9th Cir. 1954) (consent in open court suffices where recorded in minute order); *Greggs v. Autism Speaks, Inc.*, 987 F.Supp.2d 51, 54. (D.D.C. 2014) (scheduling order establishing deadline for any amendments to pleadings constituted leave of court). "While compliance with a scheduling order does not relieve a party of its duties to satisfy Fed. R. Civ. P. 15's pleading requirements, this Court has denied motions to strike amended pleadings when a party intended to comply with, and did not cavalierly disregard, a scheduling order." *Id.* (citing to *Brooks v. Clinton*, 841 F. Supp. 2d 287, 297 (D.D.C. 2012)).

In the case at bar, this Court acceded to Plaintiffs' request that it order Plaintiffs to file the Amended Complaint, including adopting Plaintiffs' proposed language as to the nature of the changes that would be incorporated therein. *Compare* Dkt. No. 19-1 and Minute Order 6/12/19 ("Plaintiffs shall file an Amended Complaint on or before June 24, 2019, in which Jane Doe Plaintiffs who intend to proceed under their own names shall supplement their allegations accordingly.").

Defendant's citations to a collection of cases involving no such order, or in many cases even a proposed amended complaint, are wildly inapposite. (*See, e.g.*, *Belizan v. Hershon*, 434

F.3d 579, 582-583 (D.C. Cir. 2006) (oral statement followed by no written motion for leave to amend or proposed amended complaint was insufficient); *U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) ("a bare request" without "any indication of the particular grounds on which amendment is sought" does not constitute request for leave to amend); *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 297 (D.C. Cir. 1993) (denying leave to amend when an amended complaint was never tendered); *Strumsky v. Washington Post Co.*, 922 F. Supp. 2d 96, 101 (D.D.C. 2013) (no proposed amended complaint nor any other demonstration "that [plaintiff] could plead sufficient facts to state a plausible claim for relief."); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130-131 (D.C. Cir. 2012) (same).

Even a court's instruction to a plaintiff—let alone the Court's two *orders* to Plaintiffs in the instant case—would suffice to pull an amendment under the ambit of Fed. R. Civ. P. 15(a)(2) rather than 15(a)(1). In *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, No. 3:17-cv-01436-GPC-MDD, 2018 WL 1456934 *1 (S.D. Cal. 2018), the court held that a court's rejection of a plaintiff's request to file under seal and the court's instruction to the plaintiff to file an amended complaint with redactions "to the extent that Plaintiff wishes to protect the confidential and privileged information contained [therein]" brought the plaintiff's amendment under Fed. R. Civ. P. 15(a)(2) rather than counting against the plaintiff's right to amend under Fed. R. Civ. P. 15(a)(1).[9]

---

[9] Where, as here, the Court declined in its Order regarding the Second Amended Complaint to adopt Jones Day's proposed language barring "substantive changes" to the pleading (*compare* Dkt. 29-1 and Minute Order dated August 7, 2019), Jones Day's objection to the changes it now characterizes as "substantial" seems beside the point (Mot. to Strike ¶6). It also, for the record, seems absurd, inasmuch as these "substantial" changes constitute a handful of references to changes to Jones Day's web site, a reference to cartoon bears of indeterminate origin (¶16), additional sentences in one paragraph regarding the disparate impact imposed by Jones Day's "black box" policy (¶35), and the addition to one paragraph of the last names of the Named Plaintiffs (¶520).

5

### 2. Plaintiffs' Third Amended Complaint Was Properly Filed Pursuant to Fed. R. Civ. P. 15(a)(1)(B)

The Federal Rules of Civil Procedure permit a party to amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P.15(a)(1)(B). While no court in this jurisdiction has opined on the issue, at least one circuit court has held that an amended pleading under Fed. R. Civ. P. 15(a)(1) may follow amended pleadings entered pursuant to Fed. R. Civ. P. 15(a)(2). *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) ("[A] plaintiff may file his first amended complaint with consent of the opposing party, which satisfies Fed. R. Civ. P. 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely.") In other words, "Fed. R. Civ. P. 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions." *Id.*[10] Accordingly, the fact that Plaintiffs amended twice pursuant to Fed. R. Civ. P. 15(a)(2) need not be viewed as having impaired their ability to amend as of right within 21 days of Defendant's Answer.

### 3. In the Alternative, This Court Should Grant Plaintiffs Leave to Amend

This court may at its discretion grant leave to amend a complaint. *Greggs v. Autism Speaks, Inc.*, 987 F.Supp.2d 51, 54. (D.D.C. 2014). Defendants cite to *Harford Mutual Ins. Company v. New Ledroit Park Building Company, LLC*, 313 F.Supp.3d 40, 45-46 (D.D.C. 2018), for the proposition that the court may strike amended pleadings that are improperly filed. But that case also established that a court may consider an amended pleading as properly filed pursuant to Fed.

---

[10] Notably, in the same opinion in which the Fifth Circuit took the opposing view as to the sequencing of amendments under Fed. R. Civ. P. 15(a)(1)(B) and 15(a)(2), it nevertheless ordered that the case in question be remanded for consideration of the plaintiff's passing statement that "she was 'certainly willing to amend the complaint'" as a motion for leave to amend the pleadings. *Elliott v. Foufas*, 867 F.2d 877, 883 (5th Cir. 1989).

R. Civ. P. 15(a)(2) if provided with an explanation of the changes made by the party seeking to amend. *Id*. at 48 (noting that in the absence of an explanation from defendant for the changes in its amended pleading, the court could not "evaluate whether justice requires granting leave to file the proposed amended pleading, or whether doing so would be futile."). *See also Slate v. D.C.*, 79 F. Supp. 3d 225, 227 (D.D.C. 2015) (allowing amendment filed without leave of court on showing of good cause); *Bristol Village, Inc. v. Louisiana-Pacific Corp.*, 916 F.Supp.2d 357, 362 (W.D.N.Y. 2013) ("This Court will therefore construe Plaintiff's filing as a request for leave to file an Amended Complaint, and grant that request.").

In the instant case, Plaintiffs' Third Amended Complaint adds allegations related to Plaintiffs' claims that female associates at Jones Day experience less favorable compensation and terms and conditions of employment than their male counterparts (see e.g. ¶ 36) and Managing Partner Brogan's influence over Firm culture and policies (see e.g. ¶¶ 5, 7, 10, 14, 19-20, 22, 30, 31, 41, 54). It also notes changes made to the Firm's website after this litigation commenced (see e.g. ¶ 8, 42). Justice requires that such amendments be permitted where, as here, relevant allegations are added at an early stage of the proceedings. Furthermore, the amendment in question is not futile because these additional allegations bolster claims that were already sufficient to withstand Defendant's Rule 12 motion. *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion for Partial Judgment on the Pleadings (Dkt. No. 43).

Plaintiffs believed in good faith for the reasons outlined above that their Third Amended Complaint was properly filed pursuant to Fed. R. Civ. P. 15(a)(1). If this Court finds otherwise, Plaintiffs respectfully request that this Court in its discretion construe their August 12, 2019, filing of the Third Amended Complaint, alongside the instant filing, as a request for leave to file the

amended complaint. Fulfilling this request will be in the interest of justice and will not prejudice Defendant.

## **CONCLUSION**

Defendant's Motion to Strike Plaintiffs' Third Amended Complaint should be denied. Both Plaintiffs' Amended Complaint and their Second Amended Complaint were properly filed pursuant to Fed. R. Civ. P. 15(a)(2). Defendant's dilatory tactics should not prevail here.

Respectfully submitted,

Date: September 3, 2019

*/s/ Deborah K. Marcuse*
Deborah K. Marcuse (D.C. Bar No. 995380)
SANFORD HEISLER SHARP, LLP
111 S. Calvert Street, Ste. 1950
Baltimore, MD 21202
Telephone: (410) 834-7415
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com

David W. Sanford (DC Bar No. 457933)
Russell L. Kornblith*
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
rkornblith@sanfordheisler.com

Kate Mueting (DC Bar No. 988177)
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue, SE, Ste 300
Washington, D.C. 20003
Telephone: (202) 499-5206
Facsimile: (202) 499-5199
kmueting@sanfordheisler.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs, the Proposed Classes, and the Proposed Collective*