UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NILAB RAHYAR TOLTON *et al.*,

*Plaintiffs,*

v.

JONES DAY,

*Defendant.*

---

Civil Action No. 19-945 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiffs, six lawyers, bring this action against their former employer, Defendant Jones Day. Plaintiffs allege, among other things, that Jones Day discriminated against them based on their gender, including by denying them opportunities for advancement, depriving them of equal pay, subjecting them to a hostile work environment, wrongfully terminating or constructively discharging them, and retaliating against them. The question now before the Court has nothing to do with the merits of the suit but, rather, requires the Court to decide whether one of the six plaintiffs, "Doe 4," may proceed under a pseudonym until October 1, 2019.

At the time Plaintiffs filed suit, four of the six plaintiffs ("Does 1–4") moved to proceed pseudonymously. Chief Judge Howell granted that motion "subject to any further consideration by the United States District Judge to whom this case is randomly assigned." Dkt. 2. After the case was assigned, the Court concluded that the reasons set forth in Chief Judge Howell's memorandum and opinion were sufficient, at least for the initial stages of the proceedings, to permit Does 1–4 to proceed pseudonymously. Minute Order (Apr. 9, 2019). Jones Day subsequently moved to compel the four anonymous plaintiffs to disclose their identities, Dkt. 12 at 21, and the Court ordered those plaintiffs who wished to continue to proceed anonymously to

provide additional evidence in support of their request for that relief. In response, all but one of the Doe plaintiffs abandoned their requests for anonymous treatment, and Plaintiffs subsequently filed an amended complaint revealing the identities of Does 1–3. Doe 4, however, seeks leave to proceed under a pseudonym until October 1, 2019. Dkt. 35-2 at 1 ████████████

For the reasons explained below, the Court will **DENY** Doe 4's request for continued, pseudonymous treatment. Because this opinion discusses certain private information relating to ████████████, however, the Court will file the opinion under seal and will provide counsel for the parties with the opportunity to propose redactions before the Court files a public version of the opinion.

## I. LEGAL STANDARD

Inherent in our judicial system is a "'customary and constitutionally-embedded presumption of openness.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The "right of public access" extends to the names of litigants because disclosing parties' identities "furthers [the] openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 270, 273 (4th Cir. 2014). Consistent with this transparency, the Federal Rules of Civil Procedure and this Court's Local Civil Rules require that complaints set forth the names of parties. Fed. R. Civ. P. 10(a); LCvRs 5.1(c)(1), 11.1.

The D.C. Circuit only recently "provided clear guidance as to when a [plaintiff] may proceed anonymously." *In re Sealed Case*, No. 17-1212, 2019 WL 3367999, at * 3 (D.C. Cir. July 26, 2019). Stated at the most general level, courts must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *Id.* Courts must do so, however, against the backdrop of the "presumption in favor of disclosure, which stems from the

'general public interest in the openness of governmental processes.'" *Id.* (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). The following five factors "serve well as guideposts from which a court ought to begin its analysis:"

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

> [3] the ages of the persons whose privacy interests are sought to be protected;

> [4] whether the action is against a governmental or private party; and, relatedly,

> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at * 4. But those factors are just guideposts. District courts "should not . . . engage in a wooden exercise of ticking the" boxes identified with any particular test. *Id.* Instead, it is the responsibility of the district court to evaluate each case on its individual facts and to assess "whether the non-speculative privacy interests that the movant[] . . . identif[ies] outweigh the public's substantial interest in knowing the identities of parties in litigation" and "any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movant[.]" *John Doe Company No. 1 v. Consumer Fin. Protection Bur.*, 195 F. Supp. 3d 9, 17 (D.D.C. 2016).

## II. ANALYSIS

Before turning to the five-factor test, the Court considers Doe 4's contention that the presumption in favor of disclosure applies with less force here than in the typical case for two reasons: First, revealing Doe 4's identity will "deter other similarly situated litigants from" filing suit. Dkt. 24 at 20. Second, the public interest in knowing who is engaged in litigation before a

federal court is satisfied—at least in large part—by the disclosure of the identity of the other five plaintiffs. *See id.* at 19–20. Although these considerations are not irrelevant, they do not meaningfully diminish the public interest in disclosure.

First, Doe 4's contention that the public interest in favor of disclosure is tempered in this case because disclosing Doe 4's identity would have a chilling effect on other, similarly-situated litigants, proves too much. Doe 4 does not contend that her decision to participate in this suit hinges on her ability to maintain her anonymity, and her contention that disclosure in this case might affect the decisions of putative litigants in the future is both speculative and remote. That type of systemic judgment—unrelated to the interests of the parties before the Court—is, in any event, better left to Congress and those charged with periodically updating the Federal Rules of Civil Procedure.

Second, Doe 4's contention that the disclosure of the identities of the other plaintiffs satisfies—or at least mitigates—the public interest in disclosure understates the importance of transparency in as much of the work of the judiciary as reasonably possible. Open proceedings protect the "public's ability to oversee and monitor the workings of the Judicial Branch," *Pub. Citizen*, 749 F.3d at 263; promote the judiciary's "institutional integrity by subjecting it to public scrutiny," *id.*; and "foster[] an appearance of fairness, thereby heightening public respect for the judicial process," *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 606 (1982). Any time a court limits public access—even to a small part of a case, and even for a limited period—it adds to the slow drip that can erode public confidence over time. By tilting the scale in favor of openness, existing precedent limits the risk of that erosion, and the Court is unpersuaded that the presumption in favor of disclosure should apply with less force merely because the public is already aware of the identities of other parties to a case. *Cf. Dep't of Fair*

*Empl. & Hous. v. Law Sch. Admission Council*, No. C-12-1830 EMC, 2012 WL 3583023, at *4 (N.D. Cal. Aug. 20, 2012) (opining that plaintiffs had "substantially satisfied the public's interest in open judicial proceedings" where fourteen of the seventeen plaintiffs chose to proceed under their real names).

**B.     Doe 4's Privacy Interests**

 This does not mean that pseudonymous treatment is never appropriate—just that the movant bears the burden of demonstrating that unique circumstances warrant departing from the presumptive rule.  Here, Plaintiffs contend that Doe 4's identity should remain confidential until October 1, 2019 for a variety of reasons,



Finally, Doe 4 contends that Jones Day wields sufficient "influence" that, if her association with the case is disclosed, an array of potential employers will be deterred from offering her a job out of fear of reprisal. *Id.*

Although Plaintiffs' allegations are serious, the Court is unpersuaded for several reasons. First, it is far from clear how pseudonymous treatment will mitigate a number of the concerns Doe 4 raises. notwithstanding the fact that her role in the litigation is not public. The law firm's obligation not to disclose the fact that she is a plaintiff in this action—except to the extent necessary to prepare its defense   moreover, does not preclude the firm or its partners from expressing dissatisfaction with Doe 4's performance to others.  To be sure, the firm's policies and a desire to avoid charges of retaliation might provide good reason to avoid commenting.  But pseudonymous treatment, standing alone, does not shield Doe 4 from Jones Day's alleged

whisper campaign. In fact, one can imagine that disclosing Doe 4's role in the litigation might ██████████████████████ to place any negative comments coming from Jones Day or its partners in context and might diminish whatever weight those comments would otherwise carry.

More importantly, Plaintiffs offer only unsubstantiated and unverifiable claims that Jones Day or its partners have done anything to ████████████████████. References to comments made by unnamed, former partners, for example, go beyond simple hearsay: Jones Day cannot even attempt to refute the accusations; the Court cannot evaluate their probative value; and, even as related by Plaintiffs, they represent nothing more than speculation about what Jones Day might do. ████████████████████████████████ ████████████████████████████████, Vague and unsubstantiated fears of retaliation are not sufficient to support pseudonymous treatment. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005).

████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████ ██████████████████████
████████████████ Prospective employers, however, need to take care that they do not themselves run afoul of the anti-discrimination laws by retaliating against a job applicant on the ground that the applicant has engaged in protected equal employment activity. *See, e.g.*, 42 U.S.C. § 2000e-3(a) (making it an unlawful employment practice for an employer to discriminate against any applicants for employment because they have "opposed any practice made an unlawful employment practice," or because they have "made a charge, testified, assisted, or participated in any manner" in a Title VII proceeding); *see also Sherman v. Burke*

*Contracting, Inc.*, 891 F.2d 1527, 1541 (11th Cir. 1990) (noting that job applicants have a Title VII remedy against employers that discriminate against them because they have made a charge or participated in a Title VII proceeding). And, importantly, more than conjecture is required to overcome the presumption in favor of open access.

Overall, the problem with Doe 4's appeal for anonymity is that it rests on unsubstantiated speculation. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████ To permit pseudonymous treatment based on speculation of this type risks opening the door to similar treatment in any case in which a former employee alleges that an influential company or firm, with a large network of alumni, friends, or business-partners, engaged in loathsome misconduct. Opening that door, however, risks closing the door on broad, public access to the judicial process.

**C.      Jones Day's Interests in Disclosure**

Jones Day, for its part, has failed to identify any significant interest that it has in disclosing Doe 4's identity before October 1, 2019. The Court previously authorized the law firm to disclose the identity of each of the plaintiffs to the extent necessary to prepare its defense, and Jones Day has already answered and filed a dispositive motion. Although it is possible that disclosure of Doe 4's role in the litigation might prompt someone to bring additional, relevant information to the firm's attention, full fledged factual development will only occur, if at all, after the Court resolves Jones Day's motion for judgment on the pleadings. As a result, the

firm's contention that disclosure might benefit it in the litigation is too speculative—at least at this stage   to carry significant weight.

D.     Balancing Private and Public Interests

Having identified the relevant public and private interests at stake, the Court must decide whether the "need for anonymity," in the circumstances of this case, "outweighs [any] prejudice to the opposing party and the public's interest in knowing [Doe 4's] identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).   Applying the five-factor test, the Court concludes that the public interest in disclosure outweighs Doe 4's interest in maintaining her anonymity under October 1, 2019. First, disclosure of Doe 4's identity will not reveal any information of a "sensitive [or] highly personal nature." *In re Sealed Case*, 2019 WL 3367999, at * 4.  The Court agrees that information relating to ▉▉▉▉▉▉▉▉▉▉▉ should remain under seal, but, aside from that issue, the fact that she has brought suit against her former employer does not constitute the type sensitive or personal information that justifies pseudonymous treatment. *Compare Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 99 n.8 (D.D.C. 2008) (listing information regarding birth control, abortion, and the like as the type of subject matters courts have found "sensitive and highly personal" (citation omitted)), *with Qualls*, 228 F.R.D. at 12 (opining that neither the scrutiny and criticism that can alter the way a plaintiff is viewed by coworkers and friends nor "unsubstantiated fears of retaliatory actions by higher-ups" justify pseudonymity).

Second, Plaintiffs do not contend that disclosure of Doe 4's identity "poses a risk of retaliatory physical or mental harm" to Doe 4. *In re Sealed Case*, 2019 WL 3367999, at * 4. What they argue, instead, is more remote and speculative than this; ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

███████████████████████████████████████████████████████

████████████████████████ and she offers no cognizable and non-speculative evidence that Jones Day or anyone else will seek to retaliate against her. Third, Doe 4's age does not counsel in favor of heightened privacy protection. *See Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (noting that a plaintiff's adult status weighs against anonymity). Fourth, the action is against a private party, which suggests that the Court should be less inclined to permit pseudonymity. *Cf. Chao*, 587 F. Supp. 2d 90, 99 n.9 (noting that, when a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym than if an individual defendant has been accused publicly of wrongdoing) (citation omitted). This conclusion, moreover, is bolstered by that fact that Plaintiffs themselves have publicized the case. Finally, pseudonymous treatment carries some risk of "unfairness to the opposing party," not because Jones Day will be unable to prepare its defense, but because Plaintiffs' argument for pseudonymous treatment is premised on the unsupported contention that the firm will seek to retaliate against a former employee for exercising her right to bring an equal employment opportunity action. *In re Sealed Case*, 2019 WL 3367999, at * 4. Jones Day does not have a strong interest in the immediate disclosure of Doe 4's identity. But it does have a strong interest in avoiding the tarnish that comes with Doe 4's request for anonymity.

For all of these reasons, the Court finds that public interest in open access to judicial proceedings, and Defendant's interest in avoiding the suggestion that it will, if given the opportunity, retaliate against a former employee, outweigh Doe 4's "interest in anonymity." *Id.* at *3.

## CONCLUSION

For the foregoing reasons, Plaintiffs' renewed motion to proceed pseudonymously, Dkt. 20, is hereby **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  August 7, 2019

11