# EXHIBIT 2



**Sanford Heisler Sharp, LLP**
700 Pennsylvania Ave. SE, Suite 300
Washington, D.C. 20003
Telephone: (202) 499-5200
Fax: (202) 499-5199
www.sanfordheisler.com

*Kate Mueting*, Partner
(202) 499-5206
kmueting@sanfordheisler.com

New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

November 26, 2019

**VIA EMAIL**
Terri Chase
tlchase@jonesday.com

Kate Wallace
kwallace@jonesday.com

**Re:**   *Tolton v. Jones Day* – Case No. 1:19-CV-945-RDM (D.D.C.)

Dear Counsel:

I write in response to your November 5, 2019 letter providing notice of your intent to move for sanctions pursuant to Federal Rule of Civil Procedure 11. Your accusation that Plaintiffs and their counsel have filed knowingly false allegations is devoid of merit. You have provided no evidence that would discredit Plaintiffs' allegations of systemic, firmwide pay discrimination at Jones Day. Indeed, Defendant's persistent refusal to produce the very data that could prove or disprove those allegations merely heightens our confidence that Plaintiffs' pay claims will prevail at trial. We cannot allow Jones Day to derail this litigation with a vexatious sanctions motion that is nothing more than a last-ditch attempt to short-circuit the discovery process and avoid an adjudication of Plaintiffs' claims on the merits. Plaintiffs, therefore, do not intend to dismiss their claims that women at Jones Day are paid less than men.

Plaintiffs' pay claims are not frivolous. Plaintiffs' belief that they were paid less than men is based on a wealth of circumstantial evidence of gender discrimination they observed or experienced at Jones Day. This pattern of discrimination is set forth in detail in the Third Amended Complaint and includes gendered comments, gendered criticism, discriminatory allocation of work, discriminatory performance evaluations, and, as a result, severely limited advancement opportunities for women. Plaintiffs can reasonably infer that this pervasive discrimination extends to compensation decisions. If, as Plaintiffs have alleged and attested, women are systematically subjected to sexist double standards and their job performance is viewed through a discriminatory lens, it follows that they are also paid less than their male counterparts—especially because Jones Day claims to link pay and performance. Plaintiffs also observe that the overwhelming majority of lawyers promoted to partner at Jones Day are men. These stark (and undisputed) disparities in promotions corroborate Plaintiffs' belief that the Firm's system for evaluating the merit and qualifications of its lawyers is biased against women. Plaintiffs reasonably infer and understand that this bias unavoidably infects compensation.

As you concede in your letter and is made plain in the text of Rule 11, Plaintiffs are fully entitled to plead discrimination on the basis of information and belief. Courts have repeatedly held that where relevant information is largely in the custody and control of the defendant, allegations grounded in circumstantial evidence are not only proper but necessary. Any other rule would allow employers to weaponize pay secrecy to evade accountability. The law offers Jones Day no such impunity. We therefore remain confident that the

Terri Chase
Kate Wallace
November 26, 2019
Page 2 of 3

Court will see your proposed Rule 11 motion for what it is—a distraction.

Not only are Plaintiffs' allegations proper, they are also undisputed. Plaintiffs allege, on behalf of a putative class of female associates, that women at Jones Day are paid less than men on a systemic basis. While you assert that this allegation is sanctionable, you have refused to produce the class-wide data that could establish or discredit it. Indeed, courts have repeatedly held that pay discrimination may be demonstrated through statistical analysis and that, accordingly, plaintiffs plausibly asserting pay claims are entitled to the class-wide pay data necessary to generate such an analysis.

Tellingly, your letter conspicuously avoids denying that men at Jones Day are paid more than women. You are in possession of all of the relevant evidence and have known of Plaintiffs' allegations for more than a year. We expect that you have long since analyzed the Firm's pay data and evaluated the degree to which men and women are paid comparably. We are confident that if you had a basis to deny Plaintiffs' allegations of firmwide pay discrimination you would do so, and that if you had evidence to disprove those allegations, you would produce it, just as you proposed to do during the parties' first telephonic meet and confer on the subject.

Instead, Jones Day now asserts that Plaintiffs' pay claims lack an adequate factual basis while refusing to disclose the facts in question. This plainly is not a good-faith attempt to enforce Rule 11. It is merely a strategic ploy aimed at short-circuiting discovery, avoiding further factual development of Plaintiffs' pay claims, penetrating Plaintiffs' work product, and obtaining additional opportunities to brief the issues already addressed in the pending Rule 12(c) motion. Plaintiffs will not allow Defendant to threaten sanctions simply to harass, delay, or needlessly increase the costs of this litigation. We have no choice but to defend vigorously against this self-serving attempt to leverage Rule 11 for improper purposes, and we intend to seek reimbursement for fees and expenses incurred in doing so.

Further, your letter does not comply with Rule 11's safe harbor provisions. By failing to provide a copy of the full memorandum of law you intend to file with the Court, you have denied Plaintiffs the notice Rule 11 requires. Certainly, any attempt to submit to the Court arguments, authorities, or evidence that have not been provided to Plaintiffs would be improper. I advise you to provide Plaintiffs adequate notice of the factual and legal basis of Defendant's motion before moving the Court, as Rule 11 mandates.

If you would like to provide additional arguments, authorities, or evidence in light of this, please let us know your availability for a meet and confer.  We also understand that Jones Day is required to meet and confer under Local Rule 7m, and we are amenable to doing so.

During this meet and confer, we also hope to meet and confer with Jones Day regarding Plaintiffs' anticipated motion for conditional certification under the Equal Pay Act. To the extent that the Court suggested at the November 7 status conference that further motion practice should be deferred until after resolution of the pending motion for judgment on the pleadings, Plaintiffs would be willing to stipulate that both parties defer their anticipated motions until after the Court enters an order on the outstanding Rule 12(c) motion.  If you are amenable to this proposal, we will send you a draft tolling agreement for Plaintiffs' EPA claims and we would be happy to talk with you about any similar agreement you would like for Jones Day's anticipated motion.

Terri Chase
Kate Wallace
November 26, 2019
Page 3 of 3

We look forward to hearing from you shortly.

Sincerely,

//s//

Kate Mueting