**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

NILAB RAHYAR TOLTON et al.,

                *Plaintiffs,*

      v.

JONES DAY,

                *Defendant.*

Civil Action No. 19-945 (RDM)

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND
TO MOTION FOR CONDITIONAL
CERTIFICATION**

Plaintiffs cannot seriously dispute that this Court's pending ruling on Jones Day's Rule 12(c) motion will—regardless of the outcome—have significant implications for Plaintiffs' motion to conditionally certify a collective under the EPA.  If the Court dismisses the individual Plaintiffs' EPA claims, the certification motion will be moot.  If the Court dismisses *some* of the EPA claims, the scope and certifiability of the "collective" might look dramatically different.  And even if the Court sustains all of the Plaintiffs' EPA claims on the pleadings, its legal analysis of the elements of the cause of action will bear directly on whether Plaintiffs have adduced evidence of a common, nationwide policy of pay discrimination.  It therefore makes no sense to require the parties to spend time and money on briefing that will at minimum need to be completely rewritten (if it is not mooted entirely) after the Court adjudicates Jones Day's pending threshold motion.  Extending the response deadline by a few weeks, while certainly appreciated, does not solve this problem; the only efficient course is to *sequence* these matters so that the Court decides whether there *are* any claims before the parties argue over whether those claims should be litigated *collectively*.

Plaintiffs respond that deferring the certification briefing will carry "adverse consequences for the opt-in plaintiffs." Dkt. 81 ("Opp.") at 3. But they fail to identify any, and none is apparent. Even if briefing proceeded now, it is hard to imagine that the Court would actually *adjudicate* the certification motion before it resolves the Rule 12(c) motion, and it does not help the collective to have stale briefing waiting on a shelf. And even if the Court were unexpectedly to certify before it decided whether any Plaintiffs have stated viable claims, that would not achieve anything: Class discovery has already been largely stayed pending the Rule 12(c) motion (Minute Entry of Nov. 7, 2019), and Jones Day has offered deposition dates in January-February 2020 for its three Rule 30(b)(6) designees. So even expedited notification would not benefit the putative collective.

The only potential prejudice caused by deferral is that posed by the statute of limitations. *See* Opp. 2 (noting that "statute of limitations continues to run on unnamed class members' claims until they opt into the collective action"). But Jones Day has agreed to equitable tolling for the period of the requested extension; members of the collective would thus be in exactly the same position, from a limitations standpoint, as if the briefing proceeded on the ordinary timetable. That is appropriate and proportional. Unsatisfied with that, however, Plaintiffs demand tolling until the Court *rules* on their certification motion (and beyond). *See* Opp. 5. (Indeed, they were willing to consent to Jones Day's motion in exchange for that tolling agreement.) Whether or not such tolling is warranted, however—and it is not—has nothing to do with Jones Day's extension motion or the timing of the certification briefing. Of course, Plaintiffs are free to move for additional tolling, like the plaintiffs did in *Harris v. Medical Transportation Management, Inc.*, 317 F. Supp. 3d 421, 425-26 (D.D.C. 2018), and Jones Day will oppose that motion in due course. But the only rational condition to place on Jones Day's request to defer the certification briefing is tolling *during the period of the deferral*. And that is what Jones Day has already agreed to.

In the end, this Court's obligation is—to quote the Supreme Court case Plaintiffs invoke—to administer the EPA collective-action regime in an "orderly," "sensible," and "efficient" manner. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989).  Here, it is obvious that the orderly, sensible, and efficient course is to defer the issue of certification until after resolution of Jones Day's threshold motion, with equitable tolling to protect the collective in the interim.  That is the relief Jones Day has requested, and that is what this Court should order.


December 24, 2019                              Respectfully submitted,


                                                */s/ Yaakov Roth*
                                              Mary Ellen Powers (Bar No. 334045)
                                              Beth Heifetz (Bar No. 417199)
                                              Yaakov Roth (Bar No. 995090)
                                              JONES DAY
                                              51 Louisiana Avenue NW
                                              Washington, DC 20001
                                              Phone: (202) 879-3939

                                              Terri L. Chase (*pro hac vice*)
                                              JONES DAY
                                              250 Vesey Street
                                              New York, NY 10281
                                              Phone: (212) 326-3939

                                              *Attorneys for Defendant*