# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JONES DAY, a General Partnership,<br><br>*Defendant*. | Civil Action No. 19-945 (RDM) |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs respectfully request leave to file a four-page sur-reply in response to Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Rule 11 Sanctions, Dkt. 96. Plaintiffs' proposed sur-reply is attached as Exhibit A. The sur-reply responds to four discrete factual misstatements in Defendant's Reply regarding gender disparities in promotion rates at Jones Day. Defendant has communicated to Plaintiffs that it opposes this motion.

When a nonmovant is deprived of the opportunity to contest matters raised for the first time in the movant's reply, the nonmovant may seek the district court's leave to file a sur-reply. *See Ben–Kotel v. Howard Univ.,* 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants such motions when a party is 'unable to contest matters represented to the court for the first time' in the last scheduled pleading." (quoting *Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). "[T]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the court." *Akers v. Beal Bank,* 760 F. Supp. 2d 1, 3 (D.D.C. 2011) (quoting *Am. Forest & Paper Ass'n, Inc. v. Envtl. Protection Agency,* 1996 WL 509601, at *3 (D.D.C. Sept. 4, 1996)).

The Court should grant leave here to allow Plaintiffs to respond to and rebut new facts regarding Defendant's promotion practices raised for the first time in their Reply. Defendant's Reply makes factual assertions regarding gender disparities in its promotion rates that were not raised in its initial motion, Dkt. 96 at 18–20, and attaches evidence not previously before the Court, *e.g.*, Dkt. 96-11. Specifically, Defendant presents data regarding the percentage of partnership promotions that went to women in 2020 (many months after this lawsuit was filed) and then compares figures derived from its 2020 promotions data to purported industry standard promotion rates and to the gender makeup of the Firm's overall associate pool.

These facts warrant a response, because Defendant has conceded that gender disparities in promotions support a reasonable inference of pay discrimination, Dkt. 79 at 19, and the Court has suggested that an accounting of any gender disparities in the Firm's promotion rates is relevant to assessing the adequacy of Plaintiffs' allegations, *id.* at 83. Accordingly, clarification of the operative facts will help the Court resolve whether Defendant's promotion practices give rise to an inference of discrimination in pay. *See Plunkett v. U.S. Dep't of Justice*, 249 F. Supp. 3d 73, 75 n.2 (D.D.C. 2017) (Moss, J.) (allowing sur-reply to provide "helpful clarification" regarding arguments asserted in the opposition brief).

Plaintiffs have had no prior opportunity to rebut these factual contentions and the arguments founded upon them. *See Edelman v. Sec. & Exch. Comm'n*, 239 F. Supp. 3d 45, 54 n.5 (D.D.C. 2017) (Moss, J.) (allowing sur-reply to respond to a new argument). Plaintiffs' proposed sur-reply succinctly corrects multiple inaccuracies proffered by Defendant regarding the evidence of gender disparities in promotions at Jones Day that was available to Plaintiffs at the time this lawsuit was filed. This evidence shows that Plaintiffs' pay claims are not and were not so devoid of factual support as to warrant sanctions.

Finally, Defendant will not be prejudiced by the granting of this motion. Plaintiffs' sur-reply is a concise response to demonstrable inaccuracies in Defendant's Reply.

For the foregoing reasons, Plaintiffs' Motion should be granted.

Date: February 3, 2020

Respectfully submitted,

/s/ Russell L. Kornblith
David W. Sanford (D.C. Bar No. 457933)
Russell L. Kornblith*
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
rkornblith@sanfordheisler.com

Deborah K. Marcuse (D.C. Bar No. 995380)
SANFORD HEISLER SHARP, LLP
111 S. Calvert Street, Ste. 1950
Baltimore, MD 21202
Telephone: (410) 834-7415
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com

Kate Mueting (D.C. Bar No. 988177)
Paul Blankenstein (D.C. Bar No. 304931)
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue, SE, Ste. 300
Washington, D.C. 20003
Telephone: (202) 499-5206
Facsimile: (202) 499-5199
kmueting@sanfordheisler.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs, the Proposed Classes, and the Proposed Collective*