IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON, *et al.*, | ) |
|     *Plaintiffs*, | ) |
| v. | ) Matter No. 1:19-00945 (RDM) |
| JONES DAY, | ) |
|     *Defendant*. | ) |

**DECLARATION OF TERRI L. CHASE**

I, Terri L. Chase, declare as follows:

1. My name is Terri Chase. I am a partner in the law firm of Jones Day. My business address is 250 Vesey Street, New York, NY 10281. I have personal knowledge of the facts described in this declaration.

2. In response to Plaintiffs' requests for the production of documents, Defendant Jones Day has made 30 separate productions totaling 354,979 documents and 2,212,234 pages from 82 individual custodians and central sources.

3. In addition to producing Plaintiffs' email boxes in their entirety, Jones Day has produced 5,800 documents and 58,083 pages of documents from other custodians and central sources.

4. Jones Day has produced the following information for each of the Plaintiffs and the nineteen (19) alleged comparators named in the Complaint:

    a. billable, non-billable and Firm hours data;

    b. non-partner evaluations, assessment statements, and numeric data including ratings and rankings;

    c. salary change history reports showing compensation adjustments; and

    d. information regarding qualifications and education.

5. Jones Day has also produced relevant portions of the Firm Manual, which describe the management structure of the Firm and delineate the Firmwide policies, as well as copies of relevant Human Resources policies and training materials for 2015-18.

6. Jones Day has produced more than 1,000 documents and 12,000 pages of documents regarding the non-partner evaluation and compensation processes applicable to the Atlanta, Irvine, and New York offices as well as the Firm-wide processes during 2015-2018.

7. Jones Day has also produced an Excel spreadsheet showing the steps in the compensation adjustments for each of the six Plaintiffs and the 19 alleged comparators from the beginning of their tenure as associates at the Firm through the relevant time period for each. The original version of this spreadsheet was produced in this matter on January 29, 2020. (JD_02206480.) A revised version of this spreadsheet, which was produced in this matter on July 10, 2020, is attached to the Coussons Declaration as Exhibit 1. (JD_02210932.)

8. In response to a Rule 30(b)(6) deposition notice, Jones Day provided three witnesses: Partner Traci Lovitt, Partner Sharyl Reisman, and the Firm's Associate Director of Human Resources (HR), Lori Bounds. The three witnesses testified over the course of three days for a combined total of nearly 18 hours, and the depositions have been closed.

9. The 30(b)(6) witnesses testified regarding various topics related to the Firm's governance model and evaluation and compensation for associates (Traci Lovitt), HR

policies and practices (Lori Bounds), and associate hiring and the New Lawyer Group (NLG) program (Sharyl Reisman).

10. In seeking an extension of time to file a motion for leave to amend Plaintiffs' Conditional Certification Motion, Plaintiffs acknowledged that "the Parties have engaged in substantial document discovery and Plaintiffs have taken three Rule 30(b)(6) depositions" and that "such information would assist the Court in reviewing Plaintiffs' Conditional Certification Motion." Joint Motion for Extension of Time to File Motion for Leave to Amend Motion for Conditional Certification of an Equal Pay Act Collective Action and Authorization of Notice and Opposition, Dkt. 111 ¶ 8 (May 21, 2020).

11. Attached as Exhibit 4 is an excerpt of the transcript of the Rule 30(b)(6) deposition of Traci Lovitt in this matter.

12. Attached as Exhibit 8 is an excerpt of the transcript of the Rule 30(b)(6) deposition of Lori Bounds in this matter.

13. Attached as Exhibit 19 is an excerpt of the transcript of the Rule 30(b)(6) deposition of Sharyl Reisman in this matter.

14. Attached as Exhibit 13 is an excerpt of the transcript of the deposition of Plaintiff Saira Draper in this matter.

15. Attached as Exhibit 14 is an excerpt of the transcript of the deposition of Plaintiff Katrina Henderson in this matter.

16. Attached as Exhibit 15 is an excerpt of the transcript of the deposition of Plaintiff Meredith Williams in this matter.

17. Attached as Exhibit 16 is an excerpt of the transcript of the deposition of Plaintiff Andrea Mazingo in this matter.

18. Attached as Exhibit 17 is an excerpt of the transcript of the deposition of Plaintiff Jaclyn Stahl in this matter.

19. Attached as Exhibit 18 is an excerpt of the transcript of the deposition of Plaintiff Nilab Tolton in this matter.

20. Attached as Exhibits 9, 10, and 11 respectively are 2014, 2017, and 2018 forms that Jones Day submitted to the National Association for Law Placement (NALP), which were previously produced in this matter.  (JD_02189149 through JD_02189196; JD_02189309 through JD_02189412; and JD_02189413 through JD_02189484.)

21. Attached as Exhibit 1 is a July 1, 2016 email from Darren Cottriel to David Kiernan, which was previously produced in this matter.  (JD_02202777 through JD_02202778.)

22. Attached as Exhibit 2 is an excerpt of an email chain previously produced in this matter, containing a June 9, 2016 email from Stephen Brogan to Michael Shumaker. (JD_02206287 through JD_02206294.)

23. Attached as Exhibit 3 is a June 10, 2016 email from Christopher Lovrien to Darren Cottriel, which was previously produced in this matter.  (JD_ 02205070 through JD_02205074.)

24. Attached as Exhibit 5 is a March 5, 2016 email from Suzanne Coussons to John Majoras, which was previously produced in this matter.  (JD_ 02205402.)

25. Attached as Exhibit 6 is a February 20, 2017 email from Suzanne Coussons to Heads of Litigation – 2017, which was previously produced in this matter.  (JD_ 2205136.)

26. Attached as Exhibit 12 is a June 6, 2016 email from Cary Sullivan to Darren Cottriel, which was previously produced in this matter. (JD_2202776.)

27. Attached as Exhibit 7 is a November 24, 2014 email from Lee Armstrong, which was previously produced in this matter. (JD_02205007 through JD_02205013.)

28. Attached as Exhibit 20 is an excerpt of ▇▇▇▇▇▇▇ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202047 at 2085, 2097, 2109, and 2121.)

29. Attached as Exhibit 21 is an excerpt of ▇▇▇▇▇▇▇ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202433 at 2459 and 2471.)

30. Attached as Exhibit 22 is an excerpt of ▇▇▇▇▇▇▇ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202577 at 2591 and 2603.)

31. Attached as Exhibit 23 is an excerpt of ▇▇▇▇▇▇▇ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202010 at 2036 and 2046.)

32. Attached as Exhibit 24 is an excerpt of ▇▇▇▇▇▇▇ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202394 at 2420 and 2432.)

33. Attached as Exhibit 25 is an excerpt of ▇▇▇▇▇▇▇ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202143 at 2169 and 2181.)

34. Attached as Exhibit 26 is an excerpt of ▮▮▮▮▮▮▮▮ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202331 at 2357, 2369, 2381, and 2393.)

35. Attached as Exhibit 27 is an excerpt of Plaintiff Katrina Henderson's monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02194726 at 4758.)

36. Attached as Exhibit 28 is an excerpt of ▮▮▮▮▮▮▮▮ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202238 at 2264 and 2276.)

37. Attached as Exhibit 29 is an excerpt of ▮▮▮▮▮▮▮▮ monthly hours reports generated from the Firm's timekeeper system and previously produced in this matter. (JD_02202516 at 2530, 2542, 2554 and 2564.)

In compliance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   July 13, 2020                                   _____
                                                                                  Terri L. Chase

In compliance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   July 13, 2020

_____
Terri L. Chase