UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JONES DAY, a General Partnership,<br><br>*Defendant*. | Civil Action No. 19-945 (RDM) |

**MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT IV (EQUAL PAY ACT) OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

In light of Defendant Jones Day's July 13, 2020 filing of both its Opposition to Plaintiffs' Amended Motion for Conditional Certification, Dkt. 124 (as amended, Dkt. 128) and its Motion for Summary Judgment on Count IV (Equal Pay Act) of Plaintiffs' Third Amended Complaint, Dkt. 127 (as amended, Dkt. 129), Plaintiffs, by and through their undersigned counsel, respectfully move this Court to extend Plaintiffs' deadline to file their Opposition to Defendant's Motion for Summary Judgment until August 27, 2020.[1]

In support of this Motion, Plaintiffs state as follows:

1. In the operative Third Amended Complaint, Plaintiffs assert claims of pay discrimination in violation of the Equal Pay Act. *See* Dkt. 41, ¶¶ 403–12.

2. On July 29, 2019, Defendant filed its Rule 12(c) Motion requesting judgment on the pleadings for, *inter alia*, all claims under the Equal Pay Act ("EPA") and its state analogues.

---

[1] Plaintiffs sought Jones Day's assent to the extension sought and understand that Jones Day opposes this extension. Plaintiffs also asked Jones Day if Defendant would agree to any extension. Jones Day has not responded to this query.

1

Dkt. 37 at 1.

3. The Rule 12(c) Motion was fully briefed on October 31, 2019, Dkt. 61, and oral arguments took place on December 16, 2019, *see* Dkt. 79.

4. On December 4, 2019, Plaintiffs filed their Motion for Conditional Certification, Dkt. 65, arguing that all female associates at Jones Day are "similarly situated," perform "substantially equal work" as male associates, and are subject to a "common compensation practice" that results in women being paid less than men. Dkt. 65-1 at 5–6.

5. On December 9, 2019, Defendant requested an extension of time to respond to Plaintiffs' Conditional Certification Motion. Dkt. 72.

6. Defendant's motion for extension of time was granted on December 27, 2019. Minute Order (Dec. 27, 2019). Specifically, the Court (1) ordered that Defendant respond to Plaintiffs' Conditional Certification Motion within thirty (30) days following the Court's ruling on the Rule 12(c) Motion; (2) extended equitable tolling of the EPA claims of putative members of the collective until thirty (30) days following the Court's ruling on the Rule 12(c) motion; and (3) ordered that "should Plaintiffs wish to amend their motion for conditional certification, Dkt. [65], they shall seek the Court's leave to amend within one week of the issuance of Court's opinion on the" Rule 12(c) Motion. *Id.* Briefing on Plaintiffs' Conditional Certification Motion was consequently stayed.

7. On May 19, 2020, this Court entered an Order granting in part and denying in part Defendant's Rule 12(c) Motion. Dkt. 110. The Court granted Defendant's motion as to the EPA claims of Plaintiffs Tolton, Mazingo, and Stahl, and denied Defendant's motion as to the EPA claims of Plaintiffs Williams, Draper, and Henderson. *Id.* at 88. Plaintiffs initially had until May 26, 2020 to file any motion for leave to amend their Conditional Certification Motion. Defendant

had until June 18, 2020 to respond to Plaintiffs' Conditional Certification Motion.

8. On May 21, 2020, the Parties filed a Joint Motion for Extension of Time to File Motion for Leave to Amend Motion for Conditional Certification of an Equal Pay Act Collective Action and Authorization of Notice and Opposition. Dkt. 111. The Joint Motion requested that the deadline for Plaintiffs to file any notice for leave to amend their Conditional Certification Motion be reset to June 9, 2020 and the deadline for Defendant to respond be reset to July 13, 2020. The Court issued a minute order that same day, May 21, 2020, granting the Parties' Joint Motion and resetting both deadlines.

9. Plaintiffs moved for leave to Amend their Conditional Certification Motion and their Amended Motion on June 9, 2020. On July 13, 2020, Defendant simultaneously filed its Opposition to Plaintiffs' Amended Conditional Certification Motion and a Motion for Summary Judgment on Count IV (Equal Pay Act) of the Third Amended Complaint. Together, those filings include over 40 declarations and exhibits and a Statement of Uncontested Material Facts. The deadline for Plaintiffs to file their Reply to Defendant's Opposition to their Amended Motion for Conditional Certification is July 20, 2020. The current deadline for Plaintiffs' to file their Opposition to Defendant's Motion for Summary Judgment is July 27, 2020.

10. On July 14, 2020, this Court ordered that the Parties appear telephonically before the Court on July 21, 2020 at 2:30 p.m. to discuss Defendant's Motion for Summary Judgment and Plaintiffs' anticipated response.

11. Plaintiffs respectfully request that the Court extend their deadline to oppose Defendant's Motion for Summary Judgment on Count IV (Equal Pay Act) of the Third Amended Complaint. Defendant filed its Motion for Summary Judgment on the same day as its Opposition to Plaintiffs' Amended Motion for Conditional Certification. Both of those filings are substantial

and Plaintiffs have just one week to Reply to Defendant's Opposition to the Amended Motion for Conditional Certification. Furthermore, under the current schedule, Plaintiffs' Opposition to Defendant's Motion for Summary Judgment is due just six days after the scheduled July 21 hearing before this Court on the subject. Requiring Plaintiffs to respond on this timeline simply will not allow for a full and fair resolution of the issues that are the subject of this motion.

12. Furthermore, the volume of data for Plaintiffs to parse in preparing their response is large, even though the content to be reviewed is largely irrelevant. Defendants have produced at least 2,212,234 pages of documents in this matter. (Dkt. 128-11, Chase Decl. ¶¶ 2-3). Of these 2,212,234 pages, 2,154,151 are Plaintiffs' email boxes from the entirety of their tenure at Jones Day. (*Id.*) Jones Day produced these documents without any review for relevance, instead foisting that task onto Plaintiffs. (*See id.*) Because of the volume of largely irrelevant documents produced to Plaintiffs, Plaintiffs require additional time to respond to Jones Day's Summary Judgment Motion.

13. Moreover, Plaintiffs anticipate receiving a data production from Defendant later this month in compliance with the Court's July 9 order. This data may reveal additional statistical and anecdotal evidence relevant to Plaintiffs' Equal Pay Act claims—evidence of additional comparators or statistical evidence of disparities. Plaintiffs believe the Court would be best served by allowing Plaintiffs to incorporate this information into their response to Jones Day's Summary Judgment Motion. Absent an extension, Plaintiffs would be forced to seek leave to supplement their initial response, doubtless precipitating another round of briefing.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court grant their Motion and order that Plaintiffs' deadline to file their Opposition to Defendant's Motion for

Summary Judgment on Count IV (Equal Pay Act) of the Third Amended Complaint be extended until August 27, 2020. A proposed order had been filed herewith.

Date:  July 17, 2020	Respectfully submitted,

 */s/ Russell L. Kornblith*
David W. Sanford (DC Bar No. 457933)
Russell L. Kornblith*
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Telephone: (646) 402-5650
Facsimile: (646) 402-5651
dsanford@sanfordheisler.com
rkornblith@sanfordheisler.com

Deborah K. Marcuse (DC Bar No. 995380)
SANFORD HEISLER SHARP, LLP
111 S. Calvert Street, Ste 1950
Baltimore, MD 21202
Telephone: (410) 834-7415
Facsimile: (410) 834-7425
dmarcuse@sanfordheisler.com

Kate Mueting (DC Bar No. 988177)
Paul Blankenstein (DC Bar No. 304931)
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Ave SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5206
kmueting@sanfordheisler.com
pblankenstein@sanfordheisler.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs, the Proposed Classes, and the Proposed Collective*