IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NILAB RAHYAR TOLTON et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>JONES DAY,<br><br>*Defendant*. | Civil Action No. 19-945 (RDM)<br><br>**DEFENDANT'S OPPOSITION TO MS. SHEKETOFF'S MOTION FOR LEAVE TO FILE *AMICA CURIAE* BRIEF** |

Julia Sheketoff, one of the plaintiffs in *Savignac v. Jones Day*, No. 19-cv-02443 (D.D.C.), seeks leave to file an *amica* brief arguing that the hours of a law-firm associate are categorically irrelevant to the "equal work" element of the Equal Pay Act. In this Court, "permitting an amicus curiae to file a brief is within the sole discretion of the judge." *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 n.5 (D.D.C. 2008). The Court should deny leave for three reasons.

*First*, Sheketoff has no legitimate interest in this case. She says her interest is that "the Court recently dismissed her EPA claim against Jones Day on the same grounds that Jones Day is advancing in its summary judgment motion here." Dkt. 156 at 1. But that cuts the other way: Because this Court has already dismissed Sheketoff's EPA claim, nothing the Court decides here will have any impact on her rights. Sheketoff has moved for reconsideration in her own case and the Court will consider that motion in due course, but whatever happens here will have no effect on Sheketoff's litigation. *See Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003) (denying tribe leave to file *amicus* brief where "the interests of the tribe are already fully represented because it has filed an independent civil action"); *United States v. Microsoft Corp.*, 2002 WL 319819, at *3 (D.D.C. Feb. 28, 2002) (denying leave to *amici* whose only interest was obtaining "declarations from this Court which may be of some benefit in their proceedings in California").

*Second*, Sheketoff has not even tried to argue that her interest is not adequately represented by Plaintiffs.  *See* L.R. 7(o)(2) (requiring amicus to explain "why [its] position is not adequately represented by a party").  She does not contend that Plaintiffs' counsel are falling down on the job.  To the contrary, Sheketoff's proposed brief makes the same textual arguments, cites the same cases, and proffers largely the same distinctions as Plaintiffs' brief.  (*Compare* Dkt. 156-1, at 2–6, *with* Dkt. 149, at 29–31 (text); Dkt. 156-1, at 6–10, *with* Dkt. 149*,* at 31–32 (cases); Dkt. 156-1, at 14–19, *with* Dkt. 149, at 32 n.36 (distinctions)).  A brief of that sort is unnecessary and unhelpful.  *See Vanda Pharms., Inc. v. FDA*, 436 F. Supp. 3d 256, 278 (D.D.C. 2020) (denying Humane Society leave to file *amicus* brief that "makes the same arguments that [party] made"); *Iacangelo v. Georgetown Univ.*, 2009 WL 10693231, at *2 (D.D.C. June 11, 2009) (denying professor leave to file *amicus* brief where "there is no reason to believe that [*amicus*] is better able to present those [legal] principles and authorities ... than counsel for the parties"); *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002) (denying ACLU leave to file *amicus* brief that sought to make "additional legal arguments on behalf of ... a more than adequately represented party").

*Finally*, Sheketoff failed to seek leave "in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." L.R. 7(o)(2).  Jones Day filed its summary judgment motion on July 13, 2020.  (Dkt. 127.)  Rather than ask to participate when doing so would not have slowed down this case (and might have mattered to her own), she waited until 11:00 PM on September 9, 2020—nearly three weeks after Plaintiffs filed their opposition to Jones Day's motion, and just *two days* before Jones Day's reply deadline.  Granting leave now, after the motion is fully briefed, would therefore require yet another round of briefing and further delay the resolution of Jones Day's motion.  Sheketoff should not be allowed to throw off track proceedings that she has long known about and that she has no need to participate in anyway.

September 14, 2020                                     Respectfully submitted,

                                                      */s/ Mary Ellen Powers*
Mary Ellen Powers (Bar No. 334045)
Beth Heifetz (Bar No. 417199)
Yaakov M. Roth (Bar No. 995090)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

Terri L. Chase (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

*Attorneys for Defendant*

3