UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATRINA HENDERSON,<br><br>*Plaintiff*,<br><br>v.<br><br>JONES DAY,<br><br>*Defendant*. | Civil Action No. 19-945 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Katrina Henderson has repeatedly attempted, without success, to effect personal service of a subpoena on a third-party witness.  She now seeks the Court's assistance, requesting that the Court authorize her to serve the witness by email.  Defendant Jones Day opposes that request and, in addition, argues that the third-party witness, a former Jones Day partner, has no relevant testimony to offer and that the Court should, therefore, preclude Henderson from pursuing the matter further.  As explained below, the Court will deny both requests.

As a starting point, the Court accepts Henderson's representations that, despite her best efforts, she has been unable to effect personal service on the witness.  Henderson explains that Jones Day initially took the position that because the witness is a former Jones Day partner, Henderson's counsel could only contact the witness through Jones Day's counsel, only later to take the view that it was up to Henderson's counsel, and not Jones Day's counsel, to locate and to serve the witness.  Dkt. 191 at 2–3.  Henderson then, through a process server, attempted personal service at the witness's two known addresses on five occasions, but learned from neighbors that the witness has not been at either address for a year or more.  *Id.*  The process server also pinned a copy of the subpoena to the door of an address provided by Jones Day's

counsel, again to no avail. *Id.* at 3. Henderson (presumably through counsel) has also attempted to contact the witness by regular and certified mail—the latter of which was forwarded to an unknown address but was not signed for at that address—and has attempted to contact the witness by email and telephone on multiple occasions. *Id.*

Unsuccessful in these efforts, Henderson now asks the Court to authorize alternative service by email, using an email address that Jones Day has previously used to contact the witness. Jones Day opposes that request, arguing that there is no guarantee that the witness, who is apparently retired, regularly checks that email address and, more importantly, arguing that Federal Rule of Civil Procedure 45 does not authorize alternative service. Jones Day also maintains that there is no reason to bother the witness, since she has no relevant testimony to offer.

At a hearing held on May 4, 2021, the Court declined to issue a protective order precluding Henderson from taking the witness's deposition. *See generally* Dkt. 193. As the Court explained, even if the witness is not one of the key percipient witnesses in the case, the deposition that Henderson seeks to take nonetheless falls within the bounds of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). Henderson alleges that this witness "informed [her] that . . . if [Henderson] wanted to sue Jones Day for discrimination, she would be within her legal rights," but "that she should not file suit, because Jones Day would 'fight back,' 'drag [her] through the mud,' and 'ruin [her] reputation.'" Dkt. 41 at 82 (3d Am. Compl. ¶ 305) (third and fourth alterations in original). Henderson is entitled to inquire why a Jones Day partner (at the time) believed that to be the case.

That, however, merely resolves the threshold issue. Although Jones Day is not entitled to a protective order, Henderson may compel the witness to appear for deposition only by serving

her with a subpoena pursuant to Federal Rule of Civil Procedure 45.  Rule 45(b)(1), in turn, provides that "[s]erving a subpoena requires delivering a copy to the named person."  Fed. R. Civ. P. 45(b)(1).  Henderson and Jones Day differ over what this requirement entails.  In Henderson's view, the rule does not specify how the subpoena must be "deliver[ed] . . . to the named person" and, thus, the Court may authorize delivery by email.  Dkt. 191 at 1.  Moreover, even putting aside the language of the rule, Henderson contends that "[c]ourts have permitted service by alternate methods after . . . diligent efforts," like the efforts that she has undertaken.  *Id.* at 3.  Jones Day disagrees, arguing that personal service is required and that a court may not authorize an alternative form of service.

At least on the facts of this case, the Court is persuaded that Jones Day is correct and that personal service is required.  Henderson, for her part, is correct that some courts have authorized alternative service following diligent efforts to serve a witness in person.  The problem with her argument, however, is that those decisions represent the minority view and, more importantly, do not represent the view of the D.C. Circuit.

Rule 45(b)(1) provides in relevant part: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Reading the rule "literally," most courts have long construed Rule 45 to require "personal service of subpoenas" on third-party witnesses.  9A C. Wright & A. Miller, Federal Practice and Procedure § 2454 (3d ed. Apr. 2021 update) (citing cases).  To be sure, as Henderson argues, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service."  *Id.*  But that remains the "minority position," *id.*, and judges in this district have consistently required personal service, *see, e.g.*,

*Call of the Wild Movie, LLC v. Does 1–1,1062*, 770 F. Supp. 2d 332, 361–62 (D.D.C. 2011) (requiring personal service even though the subpoenaed party acknowledged it received the emailed subpoena); *U.S. v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36–37 (D.D.C. 2004) (holding that leaving subpoenas in a mail room or with support staff failed the personal service requirement of Federal Rule of Civil Procedure 45); *Alexander v. F.B.I.*, 186 F.R.D. 128, 130 (D.D.C. 1998) (holding that a subpoena must be personally served, although objections to improper service may be waived).

More importantly, the D.C. Circuit has adopted the majority rule, and that conclusion is binding on this Court.  In *F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, the D.C. Circuit addressed the question whether the Federal Trade Commission ("FTC") may "serve its investigatory subpoenas directly upon citizens of other countries by means of registered mail." 636 F.2d 1300, 1304 (D.C. Cir. 1980).  In concluding that Congress did not authorize that form of service, the Court of Appeals applied the following syllogism: (1) "Congress intended to authorize the FTC to employ only those customary and legitimate methods of service of compulsory process commonly employed by American courts and administrative agencies when serving its subpoenas abroad," *id.* at 1307; (2) a subpoena served on a third-party witness does not merely provide notice to the witness but, rather, "represent[s] a classic exercise of compulsory process, intended to secure the personal appearance of . . . an otherwise unwilling witness through [the] threat of judicial sanctions for noncompliance," *id*. at 1311; (3) "[t]he distinction between service of notice and service of compulsory process is a crucial one under principles of both domestic and international law," *id*.; (4) under Federal Rule of Civil Procedure 45, "compulsory process may be served upon an unwilling witness only in person," *id.* at 1313; and (5) because service of compulsory process on a non-American on foreign soil implicates

4

even more substantial concerns, it cannot be accomplished by mail, *id.* at 1313–14.  The premise that Rule 45 requires personal service comprised an essential step in this syllogism and, thus, constituted part of the court's holding.[1]

Nor is the Court persuaded by Henderson's contention that the D.C. Circuit's more recent decision in *In re LeFande*, 919 F.3d 554 (D.C. Cir. 2019), supports the proposition "that a failure to serve a subpoena in person may be excused in unusual circumstances," including where a party has made substantial efforts but been unable to effect in-person service.  Dkt. 191 at 2 (internal quotation marks omitted).  Far from departing from *Compagnie*, the D.C. Circuit's decision in *LeFande* reiterated that "[c]ompulsory process—in contrast to a civil complaint—generally 'may be served upon an unwilling witness only in person.'"  919 F.3d at 562–63 (quoting *Compagnie*, 636 F.2d at 1313).  Rather than modify that rule, the *LeFande* court merely recognized that in "the unusual circumstances of [that] case . . . a court order [w]as an adequate substitute for a subpoena."  *Id.* at 563.  In that case, unlike the present case, a magistrate judge ordered the witness, who was present in the courtroom and who was counsel of record in the underlying case, to return on a specified date and to take the stand "in lieu of an ordinary, out-of-court deposition."  *Id.* at 557.  The witness appeared but then refused to take the stand, in violation of the Court's order.  *Id.* at 557, 560.  As the Court of Appeals explained, the magistrate judge's "order was a sufficiently formal way to assert the compulsory power of the court over [the witness] such that the lack of a personally served subpoena under Rule 45 ha[d] no effect on the validity of the court's contempt citation."  *Id.* at 563.  Beyond that narrow

---

[1] Although the Federal Rules of Civil Procedure have been amended since *Compagnie*, *compare* Fed. R. Civ. P. 4, 45 (1976 & Supp. 4 1981), *with* Fed. R. Civ. P. 4, 45 (2020), the reasoning of the opinion still holds true and must guide this Court.

5

holding, the Court of Appeals "express[ed] no general approval . . . of a court order as an adequate substitute for a subpoena." *Id.*

Here, Henderson does not request that the Court issue an order compelling the witness to attend the deposition but, rather, asks that the Court authorize a form of service of the Rule 45 subpoena that is not contemplated by the rule or binding, D.C. Circuit precedent. Nor would the facts of this case justify the issuance of such an extraordinary order to a non-party, who is not counsel in this action, and who has not otherwise appeared in the litigation. Indeed, even if the Court had the power to issue extraordinary orders of that type, Henderson has not shown that the witness is subject to personal jurisdiction in this district, *id.* at 561, and has not shown that the issuance of compulsory process is necessary to maintain the integrity of the judicial process. The Court does not foreclose the possibility that some future case might present compelling reasons for a district court to issue an order requiring the presence of a third-party witness who is subject to the court's jurisdiction. But nothing in this case even approaches the type of extraordinary showing that might warrant such an order.

Finally, the Court declines Henderson's request to "order Jones Day to attempt to identify a physical address for service." Dkt. 191 at 5. Henderson may ask Jones Day in discovery for whatever information the firm has about the witness's whereabouts. But Jones Day has no obligation to seek out a witness on Henderson's behalf, particularly where it is unclear whether that witness even has any probative testimony to offer. If the testimony of the absent witness were essential to Henderson's case, and if the Court had reason to believe that the witness was willfully evading a judicial subpoena and that Jones Day knew how to find the witness, such a remedy might be appropriate. For the reasons explained above, however, that is not this case.

## CONCLUSION

The Court, accordingly, **DENIES** Henderson's request that the Court authorize alternative service under Rule 45 or order that Jones Day locate the witness on Henderson's behalf.  For reasons that the Court has previously given, it also **DENIES** Jones Day's request to preclude Henderson, if she is able to serve the subpoena, from deposing the witness.

**SO ORDERED.**

> /s/ Randolph D. Moss
> RANDOLPH D. MOSS
> United States District Judge

Date:  May 17, 2021